### 16108.  BROWN *v.* MEIKLEHAM.

1. The grounds of the motion for new trial that relate to the measure and amount of damages, not being argued or insisted upon in the brief of plaintiff in error, will be treated as abandoned.

2. The grounds referring to an alleged want of evidence to show that the driver of the defendant's automobile truck was his agent and servant acting in the scope of his business and employment at the time of the collision with the plaintiff's car, and as to errors in the charge in ignoring or failing to charge upon such alleged lack of proof, are without merit. There was uncontroverted testimony from the driver of the car, his companion at the time of the collision, and others, as to his continuous employment for several years by the defendant, who operated a transfer business, and as to his driving the defendant's car in hauling cotton at the time of the injury, and there was nothing to indicate that the employee, in thus driving the car, was engaged in any work or enterprise independent of the business of the master. See *Brown* v. *Tankersley,* 31 *Ga. App.* 23, 24 (119 S. E. 459); *Gallagher* v. *Gunn,* 16 *Ga. App.* 600 (1) (85 S. E. 930).

3. An instruction to the jury, in which the rule, expressed in section 4426 of the Civil Code. (1910), which precludes a recovery where the plaintiff has failed to exercise ordinary care, is confused with the rule as to comparative negligence and diminution or apportionment of damages, is erroneous.

4. While it is true that "a charge embracing an abstractly correct and pertinent principle of law is not rendered erroneous by a failure to charge some other legal principle applicable to the case," and that "an exception to a correct charge, because of failure to give, in the same connection, some other pertinent legal proposition, is not a good assignment of error" (*Wilson* v. *Small,* 28 *Ga. App.* 587, 591, 113 S. E. 238; *Ga. Granite Corp.* v. *Union Granite Co.,* 31 *Ga. App.* 261 (3), 120 S. E. 547), yet, "when a judge undertakes to charge the law upon any subject, he must charge all of it upon that subject that is material and applicable to the case;" and to render applicable the first stated rule, the charge given must be correct. *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822).

5. The court erred in refusing a new trial, on the exceptions taken to the charge relating to the negligence of the parties.

DECIDED JULY 20, 1925.

Damages; from Floyd superior court—Judge Wright. November 22, 1924.

The court charged the jury as follows: "If you should find that both sides were negligent, but you should find that the proximate

cause of the injury, that is, the preponderating cause of the injury, the greater cause of the injury, was due to the negligence of the defendant's servant, the plaintiff could recover; but if the greater cause of the injury was upon the part of the plaintiff's agent, the plaintiff can not recover." Exception to this excerpt is taken on the ground that it states "only a partial proposition of law, . . that the court, having stated the rule as to the right to recover upon the showing of comparative negligence, should have gone further, even in the absence of a written request, and charged the rule applicable thereto with reference to the diminution of damages;" in other words, that, "while the court was not properly required to charge, in the absence of a request, upon the question of comparative negligence, yet, . . having undertaken to charge upon the rule of law governing the element of comparative negligence, and having given in charge to the jury a portion of the law applicable thereto, movant contends that the court erred in failing then to follow the same up and give in charge to the jury the rule of law applicable to the measure of damages and the diminution of damages in such cases." The pleadings do not raise the question of comparative negligence or diminution of damages. There was no request to charge the rule or doctrine invoked. The evidence was in conflict as to what and whose fault caused the injury. There was a verdict of $450 for the plaintiff.

*Denny & Wright,* for plaintiff in error.

*Willingham, Wright & Covington,* contra.

JENKINS, P. J. (After stating the foregoing facts.) With reference to the rulings made in the last three divisions of the syllabus, relating to exceptions to the charge on the subject of negligence,—it is provided by the Civil Code (1910), § 4426, that, "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." In *Americus &c. R. Co.* v. *Luckie,* 87 *Ga.* 6, 7 (13 S. E. 105), it was held that "the 'other cases' referred to are manifestly those in which the plaintiff could not by ordinary care have avoided the consequences of defendant's negligence. In cases of that kind, both parties being at fault, the damages are apportioned." But the rule which precludes the plaintiff from any re-

covery whatever where he has failed to exercise ordinary care to avoid the results of the defendant's negligence, as set forth in the first sentence of section 4426, "is a different principle from what is known as the doctrine of contributory (or more accurately speaking) comparative negligence" and diminution of damages, as referred to in the latter sentence of that section, and (with reference to damages by railroad companies) in section 2781. *Cen. of Ga. Ry. Co.* v. *Burton,* 33 *Ga. App.* 199 (3) (125 S. E. 868); *Lamon* v. *Perry,* 33 *Ga. App.* 218 (4) (125 S. E. 907). Under the first rule, where the defendant has failed to exercise ordinary care, if the plaintiff himself also failed to exercise ordinary care to avoid the consequences caused by the defendant, the plaintiff can recover nothing. But under the latter rule, where the defendant failed to exercise ordinary care, the plaintiff, notwithstanding his own fault, can recover partial damages diminished and proportioned according to the degree of his negligence compared with that of the defendant, provided the fault of the plaintiff does not also amount to a lack of ordinary care, and does not equal but is less than the fault of the defendant. *Cen. R. Co.* v. *Newman,* 94 *Ga.* 560 (1) (21 S. E. 219); *Davies* v. *West Lumber Co.,* 32 *Ga. App.* 460 (2 a) (123 S. E. 757); *Cen. of Ga. Ry. Co.* v. *Burton,* supra. A confusion of these two distinct rules in a charge is error. *Americus R. Co.* v. *Luckie,* supra (87 *Ga.* 7).

"When a judge undertakes to charge the law upon any subject, he must charge all of it upon that subject that is material and applicable to the case." *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822). This rule is in no wise in conflict with that expressed in *Wilson* v. *Small* and *Ga. Granite Corp.* v. *Union Granite Co.,* supra, that a failure to charge a legal principle in the same connection with another correct and pertinent rule is not erroneous; for the latter rule assumes that the instructions on the rule given are correct and stated with sufficient completeness not to confuse the jury. In the instructions now under review the judge obviously was not confining himself to the rule set forth in the first sentence of section 4426, wholly precluding the plaintiff's recovery, but was also dealing with the distinct rule of comparative negligence, partially but incompletely stated in that section. While the judge was under no duty, in the absence of any raising of the issue by the pleadings or of any request to charge, to deal with the rule

of comparative negligence, nevertheless when he did deal in part therewith, it became his duty to charge with accuracy the essentials of that principle. The instructions as given failing in this respect, and being subject to the construction that the plaintiff could be allowed full, instead of diminished, damages, if "the greater cause of the injury was due to the negligence of the defendant's agent," was erroneous. In view of the closeness of the issues of negligence involved under the evidence, it was, for this reason alone, error to refuse a new trial to the plaintiff. See also *Cen. R.* v. *Brinson*, 70 *Ga.* 207, 210 (8); *G. S. & F. Ry. Co.* v. *Overstreet*, 17 *Ga. App.* 629, 630 (5 *d*) (87 S. E. 909).

> *Judgment reversed. Stephens and Bell, JJ., concur.*