**WESTERN UNION TELEGRAPH CO. v. STEPHENSON.**

Circuit Court of Appeals, Fifth Circuit. November 23, 1929.

No. 5607.

Mark Bolding, of Atlanta, Ga. (Howell, Heyman & Bolding, of Atlanta, Ga., on the brief), for appellant.

Ernest G. Bentley, of Atlanta, Ga., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the appellee to recover damages resulting from an automobile he was driving on Edgewood avenue in the city of Atlanta colliding with bicycle racks left next to the curb, and between the curb in front of an office of appellant and the street car track in that avenue. The injuries complained of were attributed to negligence of the appellant in permitting the bicycle racks to be in the street. At the conclusion of the evidence the court denied a motion of the appellant that a verdict in its favor be directed. That ruling is assigned as error.

The evidence most favorable to appellee showed the following: At about 6:15 o'clock in the morning of August 30, 1928, appellee was driving in an automobile westwardly along Edgewood avenue in the city of Atlanta, and was following next and near to a street car as it was approaching Pryor street. The automobile was moving within the rails of the street car track until the street car reached a point opposite three bicycle racks which were in the street, near the curb in front of an office of the appellant, to the right of the street car, when the automobile was turned or swerved to the right, and in an attempt to pass the street car ran into the racks, with the result that the automobile was turned over and appellee was injured. The bicycle racks, which were made of iron and were about 3½ feet high and about 2 feet wide, were used for holding bicycles of appellant's telegraph messengers when the bicycles were not in use. While the automobile was moving on the street car track, and near to the street car ahead, appellee could not see along the part of the street where the bicycle racks were standing. When the automobile was turned or swerved to the right, and got from behind the street car, there was nothing in the street between the automobile and the bicycle racks to keep appellee from seeing the latter. When, after turning from behind the street car, the automobile got to where there was nothing to obstruct the view along the part of the street between the street car and the curb to the right, the bicycle racks were about 6 feet ahead of the automobile, which then was moving at a speed of about 14 or 15 miles an hour.

The evidence required one of two conclusions, namely: Either that appellee, after he got from behind the street car, to where the part of the street between the street car and the curb was within his view, undertook to pass the street car without first looking for obstructions in the street ahead of the automobile, or that he was then operating the car at such speed that he could not stop it before it came in contact with the bicycle racks.

Under the law of Georgia, though negligence of the defendant was a proximate cause of an injury complained of, if the plaintiff by ordinary care could have avoided the consequences to himself, caused by the defendant's negligence, he is not entitled to recover. Georgia Civ. Code 1910, §§ 2781, 4426; Alabama G. S. Ry. Co. v. Coggins (C. C. A.) 88 F. 455; Brown v. Meikleham, 34 Ga. App. 207, 128 S. E. 918.

One operating an automobile in a city street, where the presence of obstructions is reasonably to be expected, cannot properly assume that there is no obstruction ahead, and he is guilty of a lack of ordinary care if he proceeds along the street without looking for obstructions ahead, or if he drives the machine at such a rate of speed that it cannot be stopped within the distance that objects ahead of it can be seen by him. Gregory v. Slaughter, 124 Ky. 345, 99 S. W. 247, 8 L. R. A. (N. S.) 1228, 124 Am. St. Rep. 402; West. Const. Co. v. White, 130 Tenn. 520, 172 S. W. 301; Hammond v. Morrison, 90 N. J. Law, 15, 100 A. 154.

We think the evidence without conflict showed that the injury complained of would not have been sustained, but for appellee's failure to exercise ordinary care to discover and avoid an obstruction ahead in the path

of the automobile, when the attempt to pass the street car was made. It follows that the above-mentioned ruling was erroneous.

Because of that error the judgment is reversed.