23359.   ROGERS *v.* McKINLEY *et al.*

DECIDED JANUARY 17, 1934.

*M. Felton Hatcher, McCullar & McCullar,* for plaintiff.

*Sibley & Allen,* for defendants.

SUTTON, J. This was an action by the plaintiff, as next friend for his minor daughter, who was between ten and eleven years of age, for damage caused by the alleged negligence of the defendants. The defendants denied liability. Upon the trial of the issues formed the evidence was conflicting as to whether the defendants were guilty of the alleged negligence. The jury returned a verdict in favor of the defendant, and the plaintiff moved for a new trial, which was denied, and to this judgment she excepts:

The court charged the jury as follows: "I charge you that if you believe from the evidence in this case that the cause of the injury was on account of the fact that the plaintiff was guilty of contributory negligence and failed to exercise the care which was required by the law to have been exercised by her, a child of her years of age or capacity, mental and physical, that she should have exercised in the actual circumstances of the occasion and situation, then the plaintiff could not recover in this case and the form of your verdict would be, 'We, the jury, find for the defendant.' I charge you that contributory negligence in law means negligence on

the part of the plaintiff, and in a child of tender years it is required of her that she must exercise what is known in law as due care, which means that care of this particular child as her capacity, mental and physical, fits her for exercising in the actual circumstances of the occasion and situation of this particular case, and if you believe that the cause of the injury in this case was on account of the want or lack of that due care just stated to you, then the plaintiff in this case would not be entitled to recover and the form of your verdict would be, 'We, the jury, find for the defendant.' I charge you that if you believe from the evidence in this case that both parties, the defendants and the plaintiff, were guilty of negligence, but the negligence of the plaintiff was equal to or exceeded the negligence of the defendants, then you should find for the defendants in this case, because the law holds that if the plaintiff's negligence exceeds the defendants' negligence, or was merely equal to the defendants' negligence, the plaintiff can not recover, and your verdict would have to be for the defendants in the case."

The plaintiff assigns error upon this charge, upon the ground that the same was not a correct statement of the law, was calculated to mislead and confuse the jury, and "because it does not clearly state the law in reference to contributory negligence, in that the court failed to instruct the jury that in the event it should be determined that both parties, the defendants and the plaintiff, were guilty of negligence, the plaintiff might nevertheless recover in the event the plaintiff's negligence did not equal the negligence of the defendants, but in that event the plaintiff would be entitled to recover, but her recovery would be diminished in proportion to the amount of negligence chargeable to her.

The plaintiff sought of the defendants full damages for the injuries caused by their alleged negligence. The defendants deny that they were negligent. While it is well settled that a charge embracing an abstractly correct and pertinent principle of law, complete within itself, is not rendered erroneous by a failure to charge in connection therewith some other legal principle applicable to the case, this rule has no application where the charge given is, on account of its incompleteness, inherently incorrect. When a judge undertakes to charge the law upon any subject he must charge all of it upon that subject that is material and applicable to the case. *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822) ;

*Georgia Ry. &c. Co.* v. *McElroy,* 36 *Ga. App.* 143, 145 (136 S. E. 85). It makes no difference that the plaintiff had not requested the court to charge the law of comparative negligence. "While the judge was under no duty, in the absence of any raising of the issue by the pleadings or of any request to charge, to deal with the rule of comparative negligence, nevertheless when he did deal in part therewith, it became his duty to charge with accuracy the essentials of that principle." *Brown* v. *Meikleham,* 34 *Ga. App.* 207 (4), 209 (128 S. E. 918). The court in charging on the comparative negligence doctrine stated the part favorable to the defendants, but omitted to state the part favorable to the plaintiff.

Under the common-law doctrine of contributory negligence, which now prevails in most jurisdictions but which has been changed by statute in this State (Civil Code of 1910, §§ 2781, 4426), if the negligence of the plaintiff, no matter how small, contributed to the injury sustained by her, she could not recover of the defendants. This doctrine did not diminish the damages but precluded a recovery. The doctrine which prevails in this State by reason of our statutes is more accurately and properly designated as that of comparative negligence, rather than that of contributory negligence. *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 417 (91 S. E. 517). The comparative negligence rule in force in this State is that where there is negligence by both parties which is concurrent and contributes to the injury sued for, a recovery by the plaintiff is not barred, but his damages shall be diminished by an amount proportioned to the amount of fault attributable to him, provided that his fault is less than the defendant's, and that, by the exercise of ordinary care, he could have avoided the consequences of the defendant's negligence after it became apparent or in the exercise of ordinary care should have been discovered by the plaintiff. *City of Ocilla* v. *Luke,* 28 *Ga. App.* 234 (110 S. E. 757). If the plaintiff in this case, by the exercise of due care (and due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation), could have avoided the consequences to herself caused by the negligence on the part of the defendants, where that negligence became apparent to her, or where by the exercise of that due care upon her part she could have become aware of it, if the defendants were negligent, she

is not entitled to recover. However, if the plaintiff could not have avoided the injury to herself caused by the defendants' negligence by the exercise upon her part of the due care required of her, then, notwithstanding that she may have been at fault, if her negligence was less than the defendants' negligence, she would be entitled to recover, but the amount of the verdict in her favor should be diminished in proportion to the amount of fault attributable to her; but, even in such circumstances, if the negligence upon her part was equal to or greater than the defendants' negligence, keeping in mind the amount of due care required of her, she would not be entitled to recover. *Americus &c. R. Co.* v. *Luckie,* 87 *Ga.* 6; *Southern Ry. Co.* v. *Nichols,* 135 *Ga.* 11 (4); *Wrightsville &c. R. Co.* v. *Floyd,* 17 *Ga. App.* 461 (87 S. E. 688); *Lamb* v. *McAfee,* 18 *Ga. App.* 584 (3) (90 S. E. 103); *Central Ry. Co.* v. *Larsen,* supra; *Howard* v. *Georgia Railroad,* 25 *Ga. App.* 636 (4) (104 S. E. 26); *Fairburn & Atlanta Co.* v. *Latham,* 26 *Ga. App.* 698 (107 S. E. 88); *Georgia Ry. &c. Co.* v. *Reid,* 26 *Ga. App.* 720 (107 S. E. 100); *Georgia Ry. &c. Co.* v. *McElroy,* supra; *Brown* v. *Meikleham,* supra; Civil Code (1910), §§ 3474, 4426.

Applying these principles to the charge excepted to by the plaintiff, we are of the opinion that it was confusing and misleading to the jury and did not state fully, completely, and accurately the comparative negligence doctrine prevailing in this State, but on the contrary gave an incorrect and incomplete statement as to the law, and upon the subject of comparative negligence stated that portion of the doctrine favorable to the defendants and omitted to charge the other portion, favorable to the plaintiff.

■ In grounds 14 to 21, inclusive, of the motion for a new trial the plaintiff excepts to the entire charge of the court for various stated reasons. The trial judge did not approve these grounds of the motion, and they can not be considered by this court. *Phillips* v. *Smith,* 175 *Ga.* 108 (3) (165 S. E. 108).

■ The court did not err as against the plaintiff in charging the jury as follows: "I will read you section 4420: Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe. Now that is one of the general laws

that is applicable to the issues involved in the trial of this case, and you will see from this law that I have just read that the laws of the State of Georgia say that when the owner or occupier of any real estate, either directly or indirectly, invites other persons to come upon his premises for any lawful purposes, then the law puts this burden, and this burden only, upon the owner under circumstances of that kind, and that is that he should keep the premises reasonably safe and the approaches thereto reasonably safe so as to not injure any person coming upon those premises by invitation." This instruction was assigned as error upon the ground that it was not a fair and proper statement of the law, was improper because it called section 4420 of the code a general law, and because it used the word "reasonably," whereas the code section provides that it is the duty of the landowner to exercise ordinary care to prevent injury to those invited upon his premises and to use ordinary care to keep the premises and its approaches safe. *Atlanta Cotton Seed Oil Mills* v. *Coffey*, 80 *Ga.* 145 (4 S. E. 759, 12 Am. St. R. 244).

The court charged the jury that the "law does not pretend and the law does not attempt to designate the particular facts and the particular circumstances under which a person operating a pleasure resort shall adopt in order to make that pleasure resort reasonably safe for the patrons that patronize the pleasure resort, and the law lays down only a general rule; then after it lays down the general rule it leaves to a jury of twelve upright and honest men to say whether or not the owner or operator of the pleasure resort would be responsible; and in this connection I will read you the following general principles of law upon that subject;" the court immediately following this instruction with a charge on the provisions of section 4420 of the code and the duty of landowners and occupiers of premises to those coming thereon by invitation, and upon the law of ordinary care and diligence to be exercised by the defendants towards the plaintiff. Perhaps it would have been more appropriate to charge in this connection that the law leaves it to the jury to determine whether the owner or operator of the pleasure resort had exercised ordinary care in keeping the premises and approaches safe, and had used due care not to injure the plaintiff, who was an invitee thereon; still there is no criticism of any moment on the above-quoted charge.

■ The court charged the jury that "The degree of care required of the plaintiff in this case is such as she in her capacity, both mental and physical, fits her for exercising in the actual circumstances of the occasion and situation of the injury complained of, and if you believe from the evidence in this case that she was almost eleven years old, and that she did not exercise the due care of a child of her years, her mental and physical capacity, that she should have exercised in the actual circumstances of the injury, and that her failure to exercise this due care caused her injury, then you should find for the defendants." This charge was not subject to the criticisms urged against it. The language "if you believe from the evidence in this case that she was almost eleven years old" was not prejudicial to the plaintiff in that it was an intimation and expression of opinion on the part of the court that one who is almost eleven years of age is charged with more care than that which the law really charges one with who is less than eleven years old. A child under fourteen is not presumptively charged with negligence, and a child between ten and eleven years old is only supposed to exercise such due care as her capacity, mental and physical, fits her for exercising in the actual circumstances of the occasion and situation under investigation. Civil Code (1910), § 3474. Whether she has exercised that care is not measured by her age, but by her capacity, mental and physical, regarding the facts of the occasion and situation under investigation, and except in plain and unmistakable cases is a question for determination by the jury.

■ The court did not err in charging the jury that "Now there has been something said in the argument of this case as to the lack of rubber mats and also as to a wooden frame and railings. It will not be proper for the court to state to you what would be required of the defendants in this case in the construction and operation of that pleasure resort, and the law does not pretend to specify what the defendants shall do in the maintenance and operation of that pleasure resort, but the law lays down the general principle which you should be guided by and which you should apply to the facts in evidence in this case. The law places this obligation upon the defendants in this case in the operation of that pleasure resort to have it reasonably safe so as to prevent any injury to any person who might come upon those premises upon invitation either di-

rectly or indirectly, and if they have used proper care and diligence to make said premises reasonably safe, that is all the obligation that the law places upon the defendants in this case." This charge was merely an application of code section 4420 to the case at bar, and charged that it was the duty of the defendants to use ordinary care to keep and maintain said bathing pool and premises in a reasonably safe condition, and that it was for the jury to say what was ordinary care in the circumstances.

The court did not err in charging the jury: "but if they have not exercised ordinary care and diligence in the construction and the operation of that pleasure resort, then, under the law, if a person is injured and the injury results from the failure of the defendants to exercise ordinary care and diligence in keeping it reasonably safe, why then under those circumstances the court charges you that they would be responsible, provided the person that was injured could not have prevented the injury by the exercise of ordinary care and diligence, and in passing upon that question you take into consideration the principles of law that I have already explained to you in reference to the diligence required under the laws of the State of Georgia for a child of tender years." This charge did not improperly restrict the right of the plaintiff to recover, and did not improperly connect the failure to exercise ordinary care upon the part of defendants in constructing the premises and in the operation thereof with the failure upon plaintiff's part to exercise due care, by the exercise of which she could have prevented the injury to herself. It simply charged the jury that the defendants must exercise ordinary care and diligence in the construction and operation of said pleasure resort, and if, by their failure to do so, the plaintiff was injured, and she could not have prevented such injury to herself by the exercise of due care, then the defendants would be liable.

The court charged the jury: "But in the event, under the law as given you in charge by the court, applied to the facts in evidence in this case, if you reach the conclusion that the plaintiff is entitled to recover, why then you would take these principles of law that I will now read to the jury. There is an allegation in the petition that the father of the little girl in this case paid to Dr. Turner, a dentist, $75. I charge you that under the laws of the State of Georgia he would not be entitled to recover that amount

in a suit of this kind. So when you go to your jury room it would be proper for the jury, in the event you reach the conclusion that the plaintiff is entitled to recover under the law that I have given you in charge, to eliminate the $75. It is also in evidence that the father paid to Dr. Binion $10.50 for professional services. You should eliminate that amount, because the plaintiff would not be entitled to recover that in this particular suit. There has also been said something about it being necessary in a few years to replace the two teeth that Dr. Turner inserted in the mouth of the plaintiff by another set of teeth, and you should eliminate that also from your consideration, in the event you reach the conclusion that the plaintiff was entitled to recover, because he would not be entitled to recover that sum in this suit." This charge was not erroneous. The plaintiff, a minor child, would not be entitled to recover in a suit by her against the defendants any expenses incurred by the father in having her injuries treated; these could only be recovered in a proper suit by the father against the defendants. There is no merit in any of the exceptions to this charge, and none of the items therein could have been recovered by plaintiff in this case.

A charge that "Now, if the plaintiff is entitled to recover at all (and I do not intend to intimate to you that she is, because that is entirely a question for your determination and for your consideration), but if under the law as given you in charge by the court applied to the facts in evidence in this case, if the plaintiff is entitled to recover at all, she would only be entitled to recover for pain and suffering and disfiguration of her person, and in this connection I give you in charge the following principle of law," was not erroneous as an expression of opinion by the court that the plaintiff was not entitled to recover, did not invade the province of the jury, and did not tend to unduly impress upon the jury that the plaintiff was not entitled to recover at all.

On account of the error of the court in charging the jury, as set forth in the first division of this opinion, the court erred in overruling the plaintiff's motion for new trial.

As we grant a new trial in this case, it is unnecessary to pass upon the sufficiency of the evidence.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*