28369.   ETHERIDGE *v.* GUEST.

DECIDED NOVEMBER 14, 1940.

*T. J. Lewis,* for plaintiff.
*John M. Slaton, James J. Slaton,* for defendant.

SUTTON, J.   L. E. Etheridge brought suit against Jack Guest, to recover damages for injuries sustained in an automobile collision. It was alleged, that while the plaintiff was driving an automobile along the public highway between Dacula and Winder, Georgia, on the night of November 26, 1938, and was on the right side of the road, traveling about thirty miles an hour, his automobile was run into by the defendant's automobile while operated by the latter's agent and servant at the unlawful rate of fifty miles an hour, and the plaintiff was thereby injured and damaged in described particulars; that the defendant's car was being driven on the left side of the road, in violation of the law of Georgia, and came into view suddenly and without any warning to the plaintiff; that the defendant was negligent in operating the said automobile on the left side of the highway, in driving the same into the car in

which the plaintiff was riding, in operating it at a high, rapid, and unlawful rate of speed in violation of the law of Georgia, in failing to have it under control as he approached the top of the hill down which the plaintiff was descending, in not stopping, and in driving the automobile into the car occupied by the plaintiff.

The defendant filed an answer denying the substantial allegations of the petition, and by cross-action sought to recover damages from the plaintiff; alleging that at the time and place the plaintiff was driving his car at fifty miles an hour, zigzagging across the highway, and ran into the automobile operated by the defendant's agent, injuring and damaging the defendant and his car in respects set forth; that the plaintiff was intoxicated, driving without a license from the State, and while intoxicated, and zigzagging on the public highway, and finally striking the defendant's automobile; and that he was violating the law of this State in driving on the wrong side of the road at fifty miles an hour. The jury returned a verdict for the defendant, without awarding him any damages on the cross-action. The exception is to the judgment overruling the plaintiff's motion for new trial.

■ The evidence was voluminous and conflicting, but from it the jury was authorized to return the verdict in favor of the defendant. The plaintiff, corroborated by his companion in the car driven by him, testified that he was driving on the right side of the highway about thirty miles an hour, and that the defendant's car, driven by another at his request (as shown by the evidence), and following several cars, suddenly turned out from the line of traffic, throwing the lights of the car into the face of the plaintiff, and ran into the plaintiff's automobile before he could avoid it. There was testimony on behalf of the defendant which authorized the jury to find that the plaintiff was driving down a slight incline in the middle of the highway, just before the collision, between eight and nine o'clock at night; that upon the approach of the defendant's automobile from the other direction the plaintiff sought to drive his car to its proper position on the right side of the highway but went too far on the right shoulder of the road, and in attempting to pull back to a proper position on the highway, and striking a concrete drain on the edge thereof, he drove his car or allowed it to pass beyond the center of the highway, striking the defendant's automobile on its left-front side and knocking it against

the guard-rail on the defendant's side of the road. There was testimony on behalf of the defendant, that his car was at all times on the right side of the road, and that it was found shortly after the collision with its right wheels against or straddling the guard-rail, and tilted slightly to the left. Its left front and the left front of the plaintiff's car were damaged. There was testimony as to certain physical facts, such as skid marks which were attributed to the passing of the plaintiff's car from the right side of the road beyond the center line; and it was testified by a witness for the defendant, a mechanic, who reached the scene shortly after the collision, that the rear end of the motor in the plaintiff's car had become dislodged; that according to a mark made on the pavement it had struck the pavement at a point about two feet from the center of the highway on the plaintiff's side of the road, leaving a line parallel to the other skid marks mentioned; and that the front of the car, being from five to six feet from the rear end of the motor, had necessarily extended beyond the center line of the highway at the time of the collision, if the car cut across the highway diagonally. Because of the physical evidence above mentioned, it is contended by the defendant that the testimony of the plaintiff and his companion that the plaintiff's car never left the right side of the highway, but that the defendant's car came over to his side and crashed into the plaintiff's car, should be disregarded. While this court can not say that the physical facts demand a finding, as a matter of law, that the plaintiff's car passed beyond the center line of the highway, they are consistent with the direct testimony of the defendant's witnesses that it did crash into the defendant's automobile while it was traveling on its proper side. It would require unnecessary and unprofitable elaboration to reinforce our conclusion by a detailed analysis of the facts adduced at the trial, and about which much argument is made in the briefs of counsel. We think that what is said above is sufficient to demonstrate that the verdict was authorized, and that the court did not err in overruling the general grounds of the motion for new trial.

The first special ground complains that the court erred in charging the jury that it was unlawful to operate an automobile upon the highways without a driver's license, and that if the plaintiff was so operating his car at the time of the collision it would be negligence per se; and that the charge was given in such a way as

to be applicable as part of the law of the whole case, including the plaintiff's action, inasmuch as the court charged that the plaintiff could not recover if guilty of negligence equal to or greater than that of the defendant; and because the court did not charge that the alleged negligence could not be considered unless there was some causal connection between it and the injury. The majority opinion of the court in respect to this ground, from which I dissent for reasons shown in my dissenting opinion, is as follows: Before an act can be considered as negligence it must be in violation of some duty owing, under the circumstances, by the person committing the act to another person, and in its nature must be capable of having a causal connection between it and the damage or injury inflicted upon the other person. An act prohibited by a penal statute, and which might be negligence as a matter of law, is not negligence unless its commission is in violation of some duty owing, under the circumstances, by the person committing the act to another person, and is capable of having a causal connection with the injury inflicted. See 45 C. J. 631, 720. A violation of the law by a person in operating a motor vehicle along a public highway, without having obtained a driver's license as required by law, is in violation of no duty owing by such person to another person on the highway; and such an act can have no causal connection with an injury or damage sustained by the other person. Such act does not, as against the person injured, constitute negligence either in fact or in law. The court in the case now under consideration charged the jury that if the plaintiff was operating his automobile along the public highway without having obtained the required driver's license, the plaintiff in so doing was guilty of negligence per se. The plaintiff owed to the defendant, under the circumstances, no duty not to operate his automobile without having obtained the required driver's license, and such act could not have any causal connection with the injury. Although the defendant had filed a cross-action against the plaintiff, in which he sought to recover damages to himself growing out of the alleged negligence of the plaintiff in the operation of the plaintiff's automobile, and one of the grounds of negligence was that the plaintiff was operating the automobile without having obtained a driver's license as required by law, and the court, in submitting the law with reference to the defendant's cross-action against the plaintiff, instructed the

jury that the plaintiff's operation of the automobile without having obtained a driver's license was negligence per se, and although the court may have limited the jury's consideration of such alleged negligence as related to any liability by the plaintiff to the defendant, and although the jury, in rendering the verdict simply for the defendant, may have found against any negligence charged to the plaintiff as proximately causing the injuries to the defendant, including the alleged negligence of the plaintiff in operating the automobile without having obtained the driver's license required by law, the verdict settled all the issues in the case, including the plaintiff's claim of damages for the injuries sustained by him as a result of the alleged negligence of the defendant; and since the court gave in charge the law of comparative negligence, the jury, in rendering a verdict for the defendant and thereby finding against the plaintiff's claim of damages for injuries he suffered as a result of the alleged negligence of the defendant, could have considered the act of the plaintiff in operating the automobile without having obtained the required driver's license as negligence of the plaintiff, barring a recovery. The charge was error prejudicial to the plaintiff, and requires the grant of a new trial to the plaintiff. Sutton, J., dissents from this ruling.

■ The charge of the court, "Now, gentlemen, I charge you that before the plaintiff would be authorized to recover of the defendant you must not only believe by a preponderance of the evidence that the defendant was negligent in some one or more of the particulars charged, and that such negligence was the proximate cause of injury to the plaintiff, but you must believe that the plaintiff was free from all negligence, or, if he was not free from all negligence, then the plaintiff must have been negligent in a lesser degree than the defendant was negligent, if you find the defendant was negligent. In other words, if you find that the defendant was negligent, and that such negligence was the proximate cause of the injury to the plaintiff, and you further find that the plaintiff himself was negligent, and negligent to an equal degree with the defendant, or in a greater degree than the defendant, then in that event there could be no recovery on the part of the plaintiff against this defendant," was not error for the reasons assigned, that it placed upon the plaintiff a greater burden than that imposed by law, in that it instructed the jury that the plaintiff could not re-

cover unless he was entirely free from negligence, and that it contained two separate and distinct principles of law, namely, the duty of the plaintiff to avoid, by the exercise of ordinary care, the negligence of the defendant and also the doctrine of comparative negligence. This charge, in effect, instructed the jury that if the defendant was negligent and his negligence was the proximate cause of the plaintiff's injury, the plaintiff could recover if he was entirely free from negligence or his negligence was less than that of the defendant, but that if the negligence of the plaintiff was equal to or greater than that of the defendant the plaintiff could not recover.

The third special ground complains of a portion of the charge to which objections similar to those urged against the excerpt just referred to were taken. This ground is controlled adversely to the plaintiff by the ruling there made. The charge of the court, "I charge you that the defendant was not under any obligation to anticipate that the plaintiff would be guilty of a violation of the law; and if you find that the plaintiff drove suddenly over to the left side of the road and struck the defendant's car, the defendant was under no obligation to anticipate such an act on the part of the plaintiff," was not error for the reason that it amounted to an expression of opinion by the court, or for any other reason urged by the plaintiff in ground 4.

The court charged the jury: "Now, gentlemen, the defendant not only denies the acts of negligence alleged in the petition, but on the other hand he contends that the plaintiff himself was negligent, and that the defendant was damaged by reason of such negligence; and when you come to consider the acts of negligence or omissions charged by the defendant against the plaintiff, the same rules would apply, namely, you will determine whether or not the plaintiff was in the exercise of ordinary care to avoid injuring and damaging the defendant; you will take into consideration all the evidence that would illustrate this question to your minds, the time, the place, and the surroundings, and everything that occurred as shown by the evidence, and then say for yourselves whether the plaintiff was or was not guilty of negligence in so far as the particulars charged are concerned, or either of them." Error is assigned in ground 5, and it is urged that as one of the acts of negligence alleged against the plaintiff in the cross-action by the

defendant it was alleged that the plaintiff was driving while intoxicated; and it is contended that there was no evidence in this respect, and that the charge erroneously submitted to the jury a specific act of negligence about which there was no proof, that it was calculated to confuse and mislead the jury, and that the charge was nowhere withdrawn and was an intimation by the court that sufficient evidence had been adduced for submitting to the jury the question whether or not the plaintiff was intoxicated.  This charge merely stated in its opening part the contentions of the defendant as made in his cross-action, and then instructed the jury that in investigating these contentions they would consider whether or not the plaintiff was in the exercise of ordinary care to avoid injuring and damaging the defendant, and that in doing so they would take into consideration all the evidence "that would illustrate this question," etc.  This was not equivalent to submitting an issue as to a specific act of negligence as to which there was no proof, and does not intimate that any evidence whatever had been introduced on the question of the intoxication of the plaintiff.  The jury was properly instructed that it should take into consideration "all the evidence that would illustrate" the question as to whether or not, with respect to the defendant's cross-action, the plaintiff was in the exercise of ordinary care to avoid injuring and damaging him.  Evidence was submitted on the question of one or more of the acts of negligence charged by the defendant, even if it could be said that none was submitted on the question of the plaintiff's intoxication; and all of this evidence was, as charged by the court, proper for the consideration of the jury as to whether or not the plaintiff had exercised proper care to avoid injuring and damaging the defendant.  See *Berry* v. *Jowers*, 59 *Ga. App.* 24, 26 (200 S. E. 195).  The charge was not error for any reason assigned.

In ground 6 error is assigned on this portion of the court's charge:  "Further, in substance, the defendant shows that the plaintiff was grossly, wantonly, and wilfully negligent in driving his car, without a license and while intoxicated, along said road, zigzagging thereon, and finally striking defendant's car on the plaintiff's left side of the road, as set forth."  It is contended that it amounted to an expression of opinion by the court and submitted to the jury an issue which was not sustained by proof.  The word "shows" could not reasonably be said to have been taken by the

jury as meaning that the court was of the opinion that the defendant had proved anything. The word occurs in a portion of the charge in which the court was stating the pleadings. Before using the word objected to, the court stated several allegations of the defendant's cross-action, and, as evidencing that by "shows" the court could not be understood to have meant *proves*, but only *contends* or *alleges*, immediately thereafter the court named the next allegation by stating, "And he *says further*," etc. (Italics ours.) No merit is shown in this ground.

In ground 7 the portion of the charge of the court set forth in the sixth division of this opinion is objected to on the ground that it submitted all of the allegations of the defendant as to the plaintiff's negligence, whereas, there being no evidence of the plaintiff's intoxication, the court should have specifically instructed the jury that they should not consider the allegation in that respect. The excerpt complained of was given solely in that portion of the charge of the court as to the defendant's cross-action against the plaintiff, and it could not reasonably be said that the jury understood otherwise; and inasmuch as the jury did not award the defendant any damages on his cross-action, the charge complained of was harmless to the plaintiff.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J. I dissent from the ruling of the majority of the court as stated in the second division of the opinion, for the following reasons: It is apparent from an examination of the entire charge of the court that the excerpt was limited solely to the issue made by the defendant's cross-action. The court's charge was divided into several orderly portions: (a) statement of the pleadings; (b) general principles of law applicable to the case; (c) instructions as to the plaintiff's alleged cause of action; (d) instructions as to the defendant's cross-action; (e) further instructions as to the plaintiff's alleged cause of action; (f) further instructions as to the defendant's cross-action; (g) further instructions as to the plaintiff's alleged cause of action with special reference to the preparation of a verdict in case the jury should find for the plaintiff; (h) further instructions as to the defendant's cross-action with special reference to the preparation of a verdict in case the jury should find for the defendant. The excerpt complained of was given solely in that portion of the charge as to the defendant's

cross-action (d), and it could not reasonably be said that the jury understood it otherwise. The portion of the charge from which the excerpt objected to was taken was as follows: "And I charge you further, gentlemen, that, as to all.the acts and omissions charged by the defendant against the plaintiff as being negligence, unless the negligent acts were the proximate cause of damage to the. defendant they would not be considered by you in this case; for the only negligence, if there was negligence, that you would be authorized to consider in passing upon whether or not the defendant was entitled to recover against the plaintiff would be such negligence as was the proximate cause of damage to the defendant. I charge you further, gentlemen, that the law of the State as it exists at the time of this occurrence was to the effect that it was unlawful for a driver to operate a car upon the highways of this State without a driver's license. The court does not intimate what has or has not been proven. If you find that the plaintiff was operating his car in violation of the law to which I have called your attention, that would be negligence per se; that is, that would be negligence because the law says that it is negligence. And then, before the defendant could recover of the plaintiff, you would take the rules that I have given you and bear in mind that whatever negligence is charged by the defendant against the plaintiff, before the defendant can recover, such negligent acts as he charges and to which I have called your attention must be the proximate cause of his damage."

While the judge stated that it was unlawful for a driver to operate a car upon the highways without a driver's license, he plainly told the jury immediately before and immediately after making the statement, and in fact as a part of the same instruction, that the acts and omissions charged by the defendant against the plaintiff as negligence would not be considered by the jury in this case unless such negligence was the proximate cause of the damage to the defendant. I think this charge was plain and full enough for the jury to understand that they were not to consider the act of driving a car without a license, which was charged as negligence by the defendant against the plaintiff, as this did not cause the alleged damage to the defendant and was not the proximate cause of his damage. The jury did not award the defendant any damages on his cross-action, and I am of the opinion that the

charge here excepted to was harmless to the plaintiff. The verdict was authorized, and I think the judgment should be affirmed, as no prejudicial error is shown by the plaintiff.