37146. REYNOLDS *v.* RENTZ.
37147. RENTZ *v.* RENTZ *et al.*

DECIDED JULY 16, 1958.

*Bennett, Pedrick & Bennett, Wilson G. Pedrick,* for plaintiff in error in case No. 37146.

*Peyton Miles, J. H. Highsmith, W. Glenn Thomas, Joe Thomas,* contra.

*J. H. Highsmith,* for plaintiff in error in case No. 37147.

*W. Glenn Thomas, Joe Thomas, Peyton Miles, Bennett, Pedrick & Bennett, Wilson G. Pedrick,* contra.

NICHOLS, Judge. 1. It may be seen from the statement of facts that a jury would have been authorized to find the defendant Reynolds guilty of negligence in speeding down a straight road toward the lighted truck which was partly in his path, in failing to slow down when the witness signaled to him, first from in front of the left front fender of the truck, and then after he went farther up the road toward Reynolds, and in failing to control his automobile so that it crossed over the center line and collided with the plaintiff's trailer. They were also authorized to find the defendant Rentz guilty of negligence in steering the truck so that it crossed over the center line into Reynolds' traffic lane, and in leaving his bright lights on in such a way as to blind an oncoming automobile.

As to the plaintiff, the testimony shows that he was on an "ordinary farm tractor" which had no lights or lighting system on it. Failure to have lights on implements of farm husbandry is not negligence per se (Code, Ann., § 68-1701 (c) ; *Southeastern Liquid Fertilizer Co.* v. *Mock,* 92 *Ga. App.* 270, 88 S. E. 2d 531) ; yet its use under the circumstances might have been found by the jury to have been negligence as a matter of fact. A jury question was also presented as to whether the plaintiff, when he saw that Reynolds did not heed the signal by either stopping or slowing up, was guilty of lack of ordinary care for his own safety in not jumping off the stationary tractor in anticipation of a collision and removing himself to a place of safety. However, the plaintiff under this evidence cannot be charged with the negligence of his father in steering the truck into the path of oncoming traffic, and for this reason any negligence of his in

driving the tractor (which was facing in the opposite direction from the stalled truck, and was pulling it) on the plaintiff's left side of the road and thus in the wrong direction, is not negligence as to these defendants. The tractor and trailer remained out of the lane of traffic of the oncoming Reynolds car, and thus it did not matter to Reynolds whether it was proceeding toward him or away from him, since he could not have hit it without crossing over the center line. "An act prohibited by a penal statute, and which might be negligence as a matter of law, is not negligence unless its commission is in violation of some duty owing, under the circumstances, by the person committing the act to another person, and is capable of having a causal connection with the injury inflicted." *Etheridge* v. *Guest*, 63 *Ga. App.* 637, 640 (12 S. E. 2d 483). The motion for a judgment notwithstanding the verdict, and also the general grounds of the motion for a new tiral, can have merit only if this evidence demands as a matter of law a finding that the plaintiff was so lacking in ordinary care for his own safety as to have by his acts been the preponderating proximate cause of his injuries, or else that he failed to exercise ordinary care after the negligence of the defendants became known to him. The rule as stated in *Willis* v. *Jones*, 89 *Ga. App.* 824, 825 (81 S. E. 2d 517), and the numerous cases there cited, is as follows: "We are of the opinion that the true comparative-negligence rule is that, if a plaintiff and defendant are both guilty of negligence which concurs proximately to bring about an injury to a plaintiff, if the defendant's negligence is sufficient to predicate an action on, for example, ordinary negligence, and if the plaintiff is negligent, even if his negligence amounts to a failure to exercise ordinary care, and the plaintiff's negligence is not equal to or greater than that of the defendant, the plaintiff would still be entitled to recover, provided the plaintiff could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care after it was actually discovered or should have been discovered by the exercise of ordinary care. The mere fact that the plaintiff might have been guilty of ordinary negligence before the duty arose to discover and avoid the defendant's negligence would not in and of itself preclude a recovery by the plaintiff." Had the

plaintiff been towing the truck on his wrong side of the road, and in the traffic lane in which the defendant Reynolds was properly proceeding, we would not hesitate to hold as a matter of law that his negligence was the preponderating proximate cause of his injuries. This, however, he was not doing. Accordingly, from all the evidence, the question of what negligence, as well as whose negligence, preponderated in causing the plaintiff's injuries, became one peculiarly for jury determination. It was accordingly not error to deny the motion for judgment notwithstanding the verdict.

(b) For the same reasons, the general grounds of the motion for a new trial are without merit.

(c) Applying the rule laid down in *Willis* v. *Jones,* 89 *Ga. App.* 824, supra, those parts of special ground 2 of the defendant Rentz' motion for new trial, and special ground 5 of Reynolds' motion, which complain that the court restricted the charge that the plaintiff could not recover if he was not in the exercise of ordinary care to circumstances after the defendants' negligence became apparent or should have become apparent to the plaintiff, instead of extending it to situations before the defendants' negligence could be observed, are without merit.

2. In so far as special grounds 2 and 5, supra, and also special grounds 3 and 4 of the Rentz motion and 6 of the Reynolds motion, complain of inaccuracies in the charge on comparative negligence, the exceptions are well taken. Nowhere did the court charge that the plaintiff could not recover if his negligence was the preponderating proximate cause of his injuries. "A charge on the subject of comparative negligence, which is not qualified by a statement of the principle of law that if the plaintiff's negligence is equal to or greater than the defendant's, the plaintiff can not recover, is erroneous. *Mitchell* v. *Mullen,* 45 *Ga. App.* 282 (8) (164 S. E. 276) ; *Brown* v. *Meikleham,* 34 *Ga. App.* 207 (128 S. E. 918.)" *Shackleford* v. *Ridley,* 71 *Ga. App.* 568 (1) (31 S. E. 2d 429). This being a case which would authorize a finding of at least some degree of negligence on the part of all the parties involved, it would have been impossible for the jury to arrive at a proper verdict without correct instructions on this issue. Accordingly, the failure to charge properly on this issue constitutes reversible error.

3. Special grounds 5 and 7 of the respective motions for new trial complain, as to each defendant, that the trial court erred in failing to charge that if the proximate cause of the plaintiff's injuries was his own negligence combined with the negligence of the other defendant, then the complaining defendant would not be liable. From the court's charge, construed as a whole, there is very real danger that the jury never gave consideration to this aspect of the case, and that they might have considered the defendants' acts of negligence as joint, which they were not. Nowhere did the court point out that the proximate cause of the injuries might have been the negligence of one defendant, concurring with that of the plaintiff, as, for example, whether the act of Reynolds in crossing over the center line resulted from an emergency so that it would not have been imputable to him as negligence. We have already seen that there was a question of fact, under conflicting evidence, as to whether his failure to slow down or stop when signaled constituted negligence. The rule of law is of course obvious that a verdict should not be returned against one not guilty of negligence. "But where the evidence plainly and manifestly shows that the injury was caused by the intervening efficient act of the third person or the conjunctive acts or omissions of such person and the plaintiff, the defendant can not be held responsible for having produced the injury, and the question is then one of law for determination by the court." *Georgia Power Co. v. Kinard,* 47 *Ga. App.* 483, 486 (170 S. E. 688). It follows that where a jury question is presented as to whether the conjunctive acts or omissions of another defendant and the plaintiff constituted the proximate cause of the injury so as to relieve the complaining defendant, the jury should be so instructed. These grounds constitute error.

4. Damages resulting from loss of earnings are to be arrived at from the evidence, and are not, like pain and suffering, to be determined in the enlightened conscience of impartial jurors. As the case is being reversed on other grounds, it is not necessary to consider whether the wording of this portion of the charge would have confused the jury into thinking the same rule applied to both items of damages, since this precise wording of the charge is unlikely to recur.

The trial judge did not err in denying the motion for a judgment notwithstanding the verdict. He erred, however, in denying the alternate motion for a new trial.

*Judgment reversed. Felton, C. J., Gardner, P. J., Townsend, and Carlisle, JJ., concur. Quillian, J., concurs in the judgment of reversal but dissents from the ruling in the first division of the opinion.*

QUILLIAN, Judge, concurring specially. I agree with the reversal on the special grounds. However, I am of the opinion that the defendants' motions for judgment notwithstanding the verdict should have been granted.

In passing upon the motions for judgment notwithstanding the verdict several principles of the law of negligence must be considered. The Supreme Court and this court have held: "One who knowingly and voluntarily takes a risk of injury to his person and property, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety and that of his property, cannot hold another liable for damages from injuries thus occasioned." *Southern Ry. Co.* v. *Hogan,* 131 *Ga.* 157 (62 S. E. 64).

Another pronouncement of our Supreme Court is: "Failure to exercise ordinary care on the part of the person injured, before the negligence complained of is apparent, or should have been reasonably apprehended, will not preclude a recovery, but will authorize the jury to diminish the damages in proportion to the fault attributable to the person injured." *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (2) (39 S. E. 306, 54 L.R.A. 802).

There is apparent conflict in the rules enunciated in the cases referred to, but analysis reveals that they are compatible. Each may be applied in a situation to which it is appropriate without offense to the other.

It is not, as held in *Western & Atlantic Ry. Co.* v. *Ferguson,* 113 *Ga.* 708, supra, failure to exercise ordinary care on the part of the person injured before the negligence complained of is apparent or should be reasonably apprehended that will preclude recovery, but as held in the case of *Southern Ry. Co.* v. *Hogan,* 131 *Ga.* 157, supra, it is the assumption of the risk involved in

knowingly and voluntarily placing one's self or property in a situation of obvious danger from which proximately emanates the injury to his person or damage to property that debars recovery. A case similar to the one at bar is *Southland Butane Gas Co.* v. *Blackwell*, 211 *Ga.* 665 (88 S. E. 2d 6).

The latter rule is applicable when as in the present case a person during the hours of darkness voluntarily and intentionally drives a motor vehicle not equipped with lights along the wrong side of a public highway, and in consequence of assuming such position of imminent danger is injured.

There can be no doubt that the plaintiff's conduct above referred to did proximately cause his injury, because obviously the collision between the defendant's automobile and the tractor and trailer could not have occurred if he had not placed those unlighted vehicles on the highway at point of contact.