37405. ATLANTIC COAST LINE RAILROAD COMPANY *v.* GREEN.

DECIDED NOVEMBER 25, 1958.

*Bennett, Pedrick & Bennett, Wilson G. Pedrick,* for plaintiff in error.

*S. Thomas Memory,* contra.

CARLISLE, Judge.   The court charged the jury as follows: "If the jury should determine in passing on the case should find that the plaintiff was injured as alleged in her petition and was injured by negligence on the part of the railway company as alleged in her petition, then I charge you that she would be entitled to recover; [but if you should believe from the facts of the case there was negligence on the part of the defendant railway company, and that the plaintiff in this case was also negligent in a way that contributed to her injury, yet if she could not have prevented the injury by the use of ordinary care, still she would be entitled to recover, but her recovery should be diminished if the jury should come to that conclusion.]"

In the first special ground of the motion for a new trial, error is assigned on the above portion of the charge which we have enclosed in brackets on the ground that it undertakes to charge the principle of comparative negligence but that the charge as given is incomplete and fails to give to the jury any basis or formula for diminishing the damages, and because a charge on the principle of apportionment of damages was required by the pleadings and the evidence, and the court had the duty of giving a correct, full and complete charge on these principles if it undertook to charge them at all.

In the second special ground, error is assigned because the

court failed to charge the jury that if the plaintiff was guilty of negligence which equalled or exceeded any negligence of the defendant, then the plaintiff could not recover. "It is well settled that when a judge undertakes to charge the law upon any subject, he must charge all of it upon that subject that is material and applicable to the case. *Rouse* v. *State,* 2 *Ga. App.* 184 (58 S. E. 416); *Harper* v. *State,* 17 *Ga. App.* 561 (2) (106 S. E. 875)." *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822).

Nowhere in the charge, save in the portion quoted above, did the court undertake to touch on the comparative negligence or contributory negligence doctrine. The court did undertake to charge the rule which precludes a recovery by the plaintiff where the plaintiff failed to exercise ordinary care to avoid the consequences of the defendant's negligence, but nowhere did the court furnish the jury a standard by which they could diminish the plaintiff's damages if they found that she was contributorily negligent. Having undertaken to charge this principle, it was the court's duty to do so correctly. *Brown* v. *Meikleham,* 34 *Ga. App.* 207 (3) (128 S. E. 918). See also *Southern Ry. Co.* v. *Bottoms,* 35 *Ga. App.* 804 (1) (134 S. E. 824); *Rogers* v. *McKinley,* 48 *Ga. App.* 262, 265 (172 S. E. 662). For this reason, the court erred in overruling the first special ground of the motion for new trial.

Since the court undertook to charge the rule of law with respect to comparative negligence, his failure to embody in the charge the principle of law referred to in the second special ground was, also, erroneous. *Mitchell* v. *Mullen,* 45 *Ga. App.* 282 (8) (164 S. E. 276); *Shackleford* v. *Ridley,* 71 *Ga. App.* 568 (1) (31 S. E. 2d 429).

It was likewise error, in view of the pleadings and the evidence in this case, for the court to fail to instruct the jury, as complained of in special ground 3, that if the proximate cause of the injuries to the plaintiff was her own negligence, she could not recover. *Southern Cotton Oil Co.* v. *Caleb,* 143 *Ga.* 585 (1) (85 S. E. 707). *Brown* v. *Meikleham,* 34 *Ga. App.* 207, supra.

With respect to all of the special grounds of the motion for new trial, the defendant contends that there was no evidence that the plaintiff was in any way negligent. Without detailing

the evidence, it is sufficient to say that, while the evidence as to the negligence of the defendant and the evidence as to the negligence of the plaintiff was in many respects weak and unsatisfactory, the jury were authorized to infer from the facts in evidence that the plaintiff was not in the exercise of due care in alighting from the defendant's coach. This is so because the defendant's witness testified that she appeared unsteady on her feet and that the "step box" did not turn over as contended by the plaintiff. We cannot say that a finding that the plaintiff was in some respects negligent would not have been authorized.

2. Inasmuch as the evidence on another trial might not be the same, this court will not undertake at this time to pass upon the question as to whether or not the evidence authorized the verdict.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*