A93A2488. LITTLE OCMULGEE ELECTRIC MEMBERSHIP CORPORATION v. LOCKHART.
(441 SE2d 796)

McMURRAY, Presiding Judge.

On August 1, 1990, plaintiff Lockhart was employed as a house mover and was involved in the moving of a house along a public road when he came into contact or close proximity with an electric power line and was injured. Defendant Little Ocmulgee Electric Membership Corporation had received prior notice of the house move and had dispatched an experienced lineman, Alligood, to accompany and

render assistance to the house movers. Plaintiff alleged that his injuries resulted from the negligence of Alligood and the complaint provided several alternative theories for his claim.

The case was tried before a jury which returned a verdict in favor of plaintiff and against defendant in the amount of $1,800,000. Defendant's motion for new trial was denied and this appeal followed. *Held*:

1. Plaintiff Lockhart was one of two men working on top of the house being moved when he grasped a television cable line in order to lift it over the peak of the house. As plaintiff carried the television cable line up towards the peak of the house he came too close to the high voltage line above it and was severely burned when the current arced to the television cable line through plaintiff's body.

Defendant's employee drove out in front of the move seeking to identify trouble spots, keep a watch for where clearances were too narrow, and when needed would de-energize power lines under which the house passed. In addition to evidence which suggested that Alligood should have de-energized the line which caused plaintiff's injury, plaintiff maintained that Alligood was under a duty to ascertain the level of training or knowledge among the house movers in regard to working near electrical transmission lines, and should have provided appropriate instruction as to the dangers involved, proper use of safety equipment, and directed the establishment of a protocol or plan for the move which would have assured the use of safe procedures in the course of the move. Plaintiff presented expert testimony as to industry standards for safe work practices, and further evidence that Alligood, although well trained in safety procedures, had not complied with those standards. Thus, the evidence established that Alligood did nothing to ascertain the lack of knowledge of safety procedure for working close to electrical transmission lines on the part of plaintiff's employer and of plaintiff, failed to give any instruction which might remedy deficiencies in their knowledge and particularly did not instruct plaintiff or his employer on the use of insulated gloves while handling non-energized lines. There was evidence that if plaintiff had been using such gloves, of which there was one pair in use by the two men on top of the house, his injuries would have been averted.

The evidence presented at trial was sufficient to establish that defendant undertook to render services necessary for the protection of plaintiff in the course of the house move, that plaintiff's employer and plaintiff relied upon defendant to provide those services, and that there was a failure by defendant's agent to exercise reasonable care in the completion of that undertaking, all of which resulted in the injuries suffered by plaintiff. See *Huggins v. Aetna Cas. &c. Co.*, 245 Ga. 248, 249 (264 SE2d 191); *Welch v. City of Camilla*, 86 Ga. App. 609,

615 (72 SE2d 83). The trial court did not err in denying defendant's motion for directed verdict.

2. In the second enumeration of error, defendant complains of the charge on comparative negligence used by the trial court and also complains of the trial court's refusal to use the charge which it had requested on this issue. The comparative negligence charge given by the trial court is taken from the Suggested Pattern Jury Instructions, Vol. 1, Civil Cases, 3d ed., p. 236, and is predicated on the decision in *Underwood v. Atlanta &c. R. Co.*, 105 Ga. App. 340, 341 (8) (124 SE2d 758), rev'd in part on another issue 218 Ga. 193 (126 SE2d 785). The trial court did not include in its charge any instruction concerning what result is appropriate where plaintiff's negligence is equal to or greater than the negligence of defendant. Defendant objected that the charge on comparative negligence was incomplete in the absence of instructions relating to these circumstances and urged the use of the charge which it had requested which did address this issue.

This court has held that: " 'A charge on the subject of comparative negligence, which is not qualified by a statement of the principle of law that if the plaintiff's negligence is equal to or greater than the defendant's, the plaintiff can not recover, is erroneous. [Cits.]' *Shackleford v. Ridley*, 71 Ga. App. 568 (1) (31 SE2d 429)." *Reynolds v. Rentz*, 98 Ga. App. 4, 10 (2) (104 SE2d 608); *Atlantic Coast Line R. Co. v. Green*, 98 Ga. App. 704 (106 SE2d 814). We reject the plaintiff's suggestion that the charge given informed the jury that his negligence must be less than that of defendant in order for plaintiff to recover damages. Nor do we find the above cited cases distinguishable on the facts which do vary somewhat from case to case.

We acknowledge that the decision in *Pickering v. Wagnon*, 91 Ga. App. 610, 612-613 (86 SE2d 621) does approve of a charge substantially similar to that at issue in the case sub judice. Nonetheless, that decision does not state the nature of the challenge to the charge which was rejected, has not to our knowledge ever been cited for the proposition which it is called upon to support in the case sub judice, and was both preceded and followed by multiple decisions noting the rule of law quoted above. Additionally, we have examined the record of *Pickering* preserved in our archives and found that even though some portions of that record are lost, the issues raised in the objections made to the charge in that case could not provide the foundation for a holding relevant to the case sub judice. In *Pickering*, the argument as to the charge approved there was that it would "mislead the jury in believing that even if the negligence of the defendant exceeded the negligence of the deceased that recovery of any damages sustained was not required, but that such was left to the discretion of the jury, which is contrary to law . . . the court erred in stating under such circumstances that she 'might' recover, instead of stating that

she would be entitled to recover. . . ." Under these circumstances we do not disapprove of *Pickering*, but need only direct attention to these facts which lead us to state that it should only be cited in relation to the issues raised therein.

While we find that the trial court erred in using an incomplete charge on comparative negligence, the trial court did not err in rejecting the charge on comparative negligence submitted by defendant which while complete was also duplicitous and argumentative. As an aid to the bench and bar, we direct attention to the charge entitled "Equal Negligence; No Recovery" which precedes the pattern charge on comparative negligence in the Suggested Pattern Jury Instructions.

3. Defendant also complains of a charge to the jury that: "Ordinary care is that reasonable care and caution which ordinarily cautious and prudent persons would exercise under the same or similar circumstances. Electricity is an invisible, impalpable force highly dangerous to life and property. And those who make, distribute, use or handle it are bound to exercise care in proportion to the danger involved. Therefore ordinary care in this context requires a high degree of care in maintaining electricity where other persons are likely to come in contact with it. This does not in any way affect the rule that the person maintaining such instrumentality is required to exercise ordinary care." This language derived from this court's decision in *Welch v. City of Camilla*, 86 Ga. App. 609, 613, supra, is a technically correct statement of law.

Nonetheless, as argued by defendant this language is inappropriate for use in a jury charge. While defendant's objection that the charge was argumentative is meritorious since the charge emphasizes the reasoning and a view of the evidence favorable to plaintiff, the charge may also be criticized for invading the province of the jury. It is for the jury to determine what level of care and prudence is appropriate for a specific set of facts and circumstances in order to meet the standard of ordinary care. It is error for the trial judge to instruct the jury that under certain stated circumstances, greater care and prudence is required to meet the standard set by law. See *Seabolt v. Cheesborough*, 127 Ga. App. 254, 257 (1) (193 SE2d 238); *Wright v. Dilbeck*, 122 Ga. App. 214, 228 (8) (176 SE2d 715).

4. We have considered each of defendant's remaining enumerations of error and found them to lack merit. The judgment of the trial court must be reversed due to errors in the jury instructions.

*Judgment reversed. Johnson, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

The trial court charged on comparative negligence: "If you find

that the Defendant was negligent, so as to be liable to the Plaintiff and the Plaintiff was also negligent, thereby contributing to Plaintiff's injury and damage; but that the Plaintiff's negligence was less than the Defendant's negligence, then the negligence of Plaintiff would not prevent the Plaintiff's recovery of damages. But would require that you reduce the amount of damages otherwise awarded to Plaintiff in proportion to the negligence of the Plaintiff, compared with that of the Defendant." The majority at p. 284 faults this charge for its failure to contain " ' "the principle of law that if the plaintiff's negligence is equal to or greater than the defendant's, the plaintiff can not recover." ' " However, I am of the opinion that the trial court's charge did contain "the principle of law" required by the majority, even though it did not contain the exact language required by the majority. I see little difference in a charge which requires that the plaintiff's negligence be *less than* the defendant's negligence for recovery and one which requires that if the plaintiff's negligence is *equal to or greater* than the defendant's, the plaintiff cannot recover. See *Underwood v. Atlanta &c. R. Co.*, 105 Ga. App. 340, 360 (124 SE2d 758), rev'd in part on another issue 218 Ga. 193 (126 SE2d 785) (1962) (describes the comparative negligence rule as allowing plaintiff to recover when less negligent than defendant or when the defendant was more negligent that the plaintiff); *Brown v. Meikleham*, 34 Ga. App. 207, 209 (128 SE 918) (1925) (supports charge requiring that fault of plaintiff does not equal but is less than the fault of the defendant). It is a distinction without a difference. For this reason, I must specially concur with the judgment.

DECIDED MARCH 4, 1994.

*Jones, Cork & Miller, C. Ashley Royal, Jerry A. Lumley, William T. Prescott*, for appellant.

*Knox & Zacks, David M. Zacks, R. Perry Sentell III, Gary J. Toman, Kilpatrick & Cody, Ted H. Clarkson, Chambless, Higdon & Carson, Joseph H. Chambless*, for appellee.