## 37871. SOUTHERN EDUCATORS ASSOCIATES v. SILVER et al.
## 37872. SILVER et al. v. SOUTHERN EDUCATORS ASSOCIATES et al.

MARSHALL, Justice.

This case arises out of *Kleiner v. Silver,* 137 Ga. App. 560 (224 SE2d 508) (1976). In this suit, Arthur and William Silver have filed a two-count complaint against Southern Educators Associates (Southern) and Chicago Land Corporation (CLC), CLC having been a defendant in the prior suit.

In Count 1, the plaintiffs seek to set aside a warranty deed from CLC to Southern. This warranty deed was executed during the pendency of the prior appeal, and in this deed CLC conveyed to Southern its principal asset, a building located at 3098 Piedmont Road, N.E., Atlanta, Georgia. The plaintiffs' contention is that the conveyance is fraudulent in law against creditors under Code § 28-201 (2), which renders null and void: "Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention

known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." In its pleadings and in testimony given in court, CLC admitted that it intended to hinder or delay the Silvers in collection of their judgment by making this conveyance to Southern.

In Count 2, the plaintiffs argue that Southern took the warranty deed subject to the lien of the plaintiffs' judgment against CLC, because Southern had actual knowledge of the existence of the judgment at the time of the conveyance. However, the plaintiffs' judgment against CLC was not recorded until after the conveyance. See Code Ann. § 110-515 (Ga. L. 1958, p. 379; 1966, pp. 142, 143); *Morris-Weathers Co. v. Decatur Federal Savings &c. Assn.,* 158 Ga. App. 177 (279 SE2d 482) (1981); In the Matter of Tinsley, 421 FSupp. 1007 (M.D.Ga. 1976), affd. without opinion In the Matter of Tinsley, 554 F2d 1064 (5th Cir. 1977). The trial court granted Southern's motion for directed verdict on Count 2 of the plaintiffs' complaint.

Count 1 was submitted to a jury in the form of a special verdict containing the following two interrogatories:

(1) "Under all the circumstances was Chicago Land Corporation's intention to hinder or delay its creditors by conveying the real estate known to Southern Educators Associates at the time of the conveyance? Yes —— No ——." The jury was instructed that if the answer to this question was Yes, the form of their verdict would be, "We, the jury, find for the plaintiffs Arthur Silver and William E. Silver."

(2) "Under all the circumstances and notwithstanding Chicago Land Corporation's admission that it intended to hinder or delay its creditors by conveying the real estate, was the conveyance a bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion of the Seller's intent and therefore valid? Yes —— No ——." The jury was instructed that if the answer to this question was Yes, the form of their verdict would be, "We, the jury, find for the defendant, Southern Educators Associates."

The jury returned a verdict in favor of the plaintiffs on Count 1, and judgment was entered thereon.

In Case No. 37871, Southern appeals the entry of judgment in favor of the Silvers on Count 1. In Case No. 37872, the Silvers cross-appeal the direction of a verdict in favor of Southern on Count 2.

1. In this appeal, Southern's basic argument is that the trial judge erred in ruling that Code §§ 38-403 (2) and 38-408 do not require the exclusion of the admission by CLC in its pleadings that it intended to hinder or delay the Silvers in the collection of their judgment by conveying the subject property to Southern. Southern's

remaining arguments concern various charges given by the trial judge to the jury, various refusals to charge, and various evidentiary rulings, all of which concern the issue of the intent on the part of CLC necessary to render the subject conveyance fraudulent in law against creditors under § 28-201 (2).

Although the result may seem harsh, it is clear that Southern has waived these complaints by agreeing to the form of the special verdict. "The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact . . . If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issues so omitted unless before the jury retires he demands its submission to the jury." Code Ann. § 81A-149 (a); *Cline v. Kehs,* 146 Ga. App. 350 (3) (246 SE2d 329) (1978).

Southern maintains that it would have been futile to have objected to the form of the special verdict, inasmuch as the trial court had previously granted the Silvers' motion for directed verdict on the issue of whether the admission in CLC's pleadings concerning its intent in conveying the property to Southern was binding on Southern. Our review of the record, particularly the trial court's charge to the jury, shows that the trial court did not grant the Silvers' motion for directed verdict on this issue. Therefore, Southern is not relieved from its waiver.

2. The verdict in favor of the Silvers on Count 1 is supported by evidence that: (1) the conveyance to Southern was made during the pendency of the prior appeal; (2) Southern was aware of this; and (3) Southern paid $680,000 for purchase of the building, whereas the building had a fair market value of $1,020,000.

3. Affirmance of the judgment entered on Count 1 renders moot the trial court's direction of a verdict against the Silvers on Count 2.

*Judgment in Case No. 37871 affirmed. Appeal in Case No. 37872 dismissed as moot. All the Justices concur, except in Case No. 37871, Hill, P. J., and Smith, J., concur in the judgment only, and Weltner, J., not participating.*

DECIDED NOVEMBER 4, 1981 —
REHEARING DENIED NOVEMBER 24, 1981 IN CASE NO. 37871.

*Macey & Zusmann, Charles C. Pritchard, Abraham A. Sharony, Steven Schaikewitz,* for appellant (case no. 37871.)

*Hurt, Richardson, Garner, Todd & Cadenhead, E. Lee Redfern, Jack Kleiner* for appellees (case no. 37871).

*E. Lee Redfern, Rex M. Lamb III,* for appellants (case no. 37872).

*Charles C. Pritchard, Jack Kleiner,* for appellees (case no. 37872).