## 65087. ALBERT v. ALBERT.

BIRDSONG, Judge.

This case involves an appeal from a jury verdict in favor of plaintiff-appellee for damages and attorney fees arising from appellant's alleged breach of an oral agreement pursuant to which appellant allegedly agreed to transfer eight oriental rugs to appellee. The alleged agreement was attendant to the parties' comprehensive divorce settlement agreement, which provided that "the parties have divided their personal property to their mutual satisfaction" but did not contain any detailed scheduling of property. After trial the jury returned a verdict of $46,250 plus $7,800 attorney fees. *Held:*

1. Appellant challenges the trial court's instruction to the jury that they should totally disregard "the alleged ownership of the oriental rugs before the property settlement, whether or not these rugs belonged to a corporation or not is not a matter for your consideration in your deliberations." Appellant also challenges the verdict form in that it did not require a finding that the rugs were owned by the appellant. Appellant argues that this charge was erroneous because he could not be considered as the alter ego of the corporation and that the rugs would not have been part of the property settlement if they were not owned by either appellant or appellee at the time of the settlement. However, it is well settled that "[a] party may contract to convey property not then owned by him. If he is not able to make delivery by the consummation date, he will be liable in damages for breach of contract. . . . 'Whether or not the seller could have delivered good title on the closing date is not a question which addresses itself to the validity of the contract.' " *Williams v.*

*Bell,* 126 Ga. App. 432, 434 (190 SE2d 818). Consequently, appellant's contention is incorrect; the fact that the rugs in question may have been owned by a non-party to the contract is not determinative of the issue of whether appellant agreed to transfer the rugs to appellee as part of the property settlement. Thus, it would have been error for the trial court to require, as a prerequisite to the imposition of liability on appellant, that the jury find that the rugs were owned by appellant and not the corporation.

However, the trial court did err in charging the jury, in substance, that title to the rugs was irrelevant. The threshold question the jury had to answer was whether the parties agreed to transfer the rugs to appellee as part of the overall divorce settlement agreement. The alleged fact that the rugs were owned by an entity other than appellant, if true, was circumstantial evidence relating to the parties' intent regarding the transfer of the rugs at the time of the agreement. This evidence may have had little or no probative value; however, this was a matter for a jury to decide. *Harris v. McClain,* 152 Ga. App. 447 (263 SE2d 233). Thus, while the court should have charged the jury that the ownership of the rugs was not determinative of the threshold issue under consideration, the jury should not have been instructed that they could not consider "at all . . . the alleged ownership of the oriental rugs before the property settlement."

2. Appellant's second enumeration of error charges that the trial court erred in failing to direct a verdict in his favor on the ground that appellee was merely attempting to modify the written divorce agreement with parol evidence as to the ownership of the rugs in question. The agreement provided that the parties had "divided their personal property to their mutual satisfaction," that the agreement "constituted the entire understanding of the parties," and that each party generally released all claims against the other. The agreement did not, however, schedule the personal property to be divided. " 'Where the parties to a divorce action fail to schedule or incompletely schedule their property, even though title to the personal property of each might have been adjudicated in the action, the final decree leaves the parties where it finds them, and the separate title of each to his own property is unaffected by the decree.' " *Fletcher v. Fletcher,* 143 Ga. App. 404, 405 (238 SE2d 753). Thus, the trial court did not err in denying appellant's motion for directed verdict.

*Prince v. Prince,* 147 Ga. App. 686 (250 SE2d 21), cited by appellant in his brief, does not demand a different result. In *Prince,* the plaintiff attempted to litigate property matters that arose prior to the entry of the settlement in the divorce action. The matters were in issue at the time of the divorce decree. The court in that case correctly held that the divorce decree was res judicata as to the matters

plaintiff attempted to put in issue. The facts and holding in *Prince* are inapposite to the present case.

3. The trial court did not err in allowing testimony concerning the actual division of property under the settlement agreement and the assets of appellant at the time of the agreement. The 1977 divorce and settlement agreement and the parties complete division of their assets were relevant on the issue of whether the parties intended the rugs in question to be transferred to appellee. This evidence was also relevant on the issue of bad faith on the part of appellant. The trial court properly exercised his discretion in admitting this evidence, especially in view of the fact that both parties cross-examined extensively and introduced evidence in this regard.

4. Appellant's fourth enumeration of error challenges the trial court's submission to the jury of the issue of attorney fees and expenses of litigation. Appellant also challenges the charge to the jury on bad faith on the ground that it allowed the jury to consider "all facts and circumstances of the case as they existed prior to the filing of this lawsuit." We have reviewed the trial transcript and conclude that there is evidence from which the jury could have concluded that appellant had no intention of performing his alleged obligation under the agreement, which would be tantamount to a finding of bad faith. *Spearman v. Flanders,* 143 Ga. App. 759 (240 SE2d 141). While it is axiomatic that "[a]ttorney fees under Code § 20-1404 are expressly prohibited for mere refusal to pay, but rather are grounded in the defendant's having 'acted in bad faith in the transaction and dealings out of which the cause of action arose,' " *Georgia-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747, 751 (266 SE2d 531), refusal to pay where there is no bona fide controversy may amount to stubborn litigiousness warranting the imposition of attorney fees under Code Ann. § 20-1404. *Ballenger Corp. v. Dresco Mech. Contractors,* 156 Ga. App. 425, 433 (274 SE2d 786). However, appellee agreed to submit attorney fees to the jury under a bad faith theory only. Consequently, appellant's conduct subsequent to the formation and breach of the alleged agreement in question was irrelevant on any issue for the jury in this case. *Raybestos-Manhattan v. Friedman,* 156 Ga. App. 880, 883 (275 SE2d 817). The court's charge was erroneous to the extent it permitted the jury to consider appellant's conduct beyond the transaction that is the subject matter of this lawsuit.

5. Appellant's fifth enumeration of error challenges certain aspects of the special verdict form. Since appellant did not object to the special verdict form until after the jury had retired, he did not make timely objection to the verdict form and waived his rights to do so. Code Ann. § 81A-149 (a); *Southern Educators Assoc. v. Silver,* 248 Ga. 520, 522 (284 SE2d 3).

6. Appellant's sixth enumeration of error states that the trial court erred in failing to grant his motion for new trial. We cannot state that the misleading instructions addressed in Divisions 1 and 4 above were harmless. *Hayes v. O'Shield Buick,* 94 Ga. App. 177, 181, 182 (94 SE2d 44). Therefore, the case must be remanded for new trial consistent with this opinion.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*Harry P. Hall, Robert J. Augustine,* for appellant.
*Harry L. Cashin, Jr., Frank L. Wilson III,* for appellee.

