A91A1112. MAY v. CITIZENS & SOUTHERN NATIONAL BANK.
(413 SE2d 780)

Judge Arnold Shulman.

The appellee bank filed this action against the appellant, in his capacity as executor of the estate of George S. May, seeking to recover the balance due on an indebtedness evidenced by two promissory notes which May had executed during his lifetime. Each note was secured by a security deed covering a number of parcels of real property which May had owned. Following May's death, the parties entered into a modification agreement pursuant to which the appel-

lant agreed to make regular monthly payments on the indebtedness. He subsequently fell two months behind on these payments, prompting the bank to declare the loans in default and to file the present action to collect the remaining balance. The appellant counterclaimed, alleging that the bank had wrongfully refused to release certain parcels of property from the lien of the security deeds in contravention of the following provision contained therein: "The grantor reserves the right to sell any of the property secured hereby and pay off its proportionate share of the indebtedness with no prepayment penalty." The trial court granted summary judgment to the bank, and this appeal followed.

1. In support of its motion for summary judgment, the bank vice-president in charge of the files relating to the loans in question submitted an affidavit stating: "[The appellant] has indeed requested that certain properties of the estate be released from the lien of the [bank's] security deeds governing the respective properties but in no case was [the bank] to have received cash to reduce the indebtedness owing to [it]." In response, the appellant submitted his own affidavit averring as follows: "The [bank] has acknowledged that releasing its lien on certain properties in exchange for the net cash proceeds from the sale and/or an assignment of the note and deed to secure debt from the sale was a workable option. . . . [The acceleration of the indebtedness] would not have been necessary if proceeds from the sale of certain of the pieces of property . . . had been available. The sale of these properties, which was frustrated by [the bank], would have more than satisfied any obligation owing to [it] and would have prevented any acceleration of the debt at issue in this case."

The appellant's right to sell the property covered by the security deeds clearly was contingent upon his using the proceeds of such sales to "pay off" a "proportionate share" of the indebtedness. As the appellant's affidavit describes no instance in which he was prevented from making a cash sale of any of the parcels in question due to the bank's refusal to release the property from the lien of its security deed, the trial court properly concluded that it was insufficient to rebut the unequivocal averment of the bank's vice-president that "in no case was [the bank] to have received cash to reduce the indebtedness owing to [it]." Where no factual basis is provided for an averment appearing in an affidavit, it may be deemed conclusory, "and '(i)t is axiomatic that "conclusory allegations by way of an affidavit . . . will not be sufficient to avoid summary judgment." [Cit.]' [Cit.]" *Abrahamsen v. McDonald's Corp.*, 193 Ga. App. 868, 870 (2) (389 SE2d 386) (1989).

It being apparent without dispute that the appellant was in default of his obligations under the notes as modified by the written modification agreement, it follows that the evidence of record conclu-

sively negates the appellant's allegations that the bank acted in bad faith in declaring the default, or that it unlawfully interfered with his contractual relations with others or imposed an unreasonable restraint on the alienation of the property in question. The appellant's claim that the bank breached a fiduciary duty owed to the estate similarly fails to create any material factual issue. " '(E)ven if a party places special trust and confidence in a bank or its officers, this does not create a confidential or fiduciary relationship. . . .' Creditors deal with debtors at arm's length, and do not stand in a fiduciary capacity in relationship to the debtor. [Cit.]" *Phillips v. Atlantic Bank &c. Co.*, 168 Ga. App. 590, 591-592 (3) (309 SE2d 813) (1983). Accordingly, the trial court did not err in granting the bank's motion for summary judgment.

2. The appellants' remaining contentions are rendered moot by the foregoing.

*Judgment affirmed. Beasley, J., concurs. Carley, P. J., concurs in judgment only.*

DECIDED NOVEMBER 25, 1991 —
RECONSIDERATION DENIED DECEMBER 9, 1991 — 

*Bouhan, Williams & Levy, B. H. Levy, Jr., Joseph A. Mulherin III*, for appellant.

*Inglesby, Falligant, Horne, Courington & Nash, Sam P. Inglesby, Jr., Dorothy W. Courington*, for appellee.