A93A2546. LEWIS et al. v. EVANS.
(441 SE2d 425)

McMURRAY, Presiding Judge.

This is a tort action arising from a motor vehicle collision. Plaintiff Lewis sought damages for her injuries allegedly received in the collision due to the negligence of defendant Evans.

Shortly after initiation of the action, defendant served upon plaintiff interrogatories and a request to produce certain documents including all medical records and bills. Plaintiff responded that no medical records and bills were available at that time, but would be supplied later. Subsequently, defendant moved for sanctions pursuant to OCGA § 9-11-37 (b) (2) and (d), seeking the dismissal of plaintiff's complaint and the award of attorney fees for plaintiff's failure to respond to the interrogatories and request to produce. In support of this motion, defendant attached the affidavit of his attorney which noted his continued efforts to obtain the information sought by writing plaintiff's attorney and by personally visiting his office. Plaintiff's response noted that she had filed answers to defendant's interrogatories, request to produce, and request for admissions. Plaintiff specifically noted that she had responded to defendant's request to produce documents stating that she had no documents at that time, but would supply them later. In an order filed March 2, 1993, the trial court found that plaintiff failed to comply with the discovery process, ordered plaintiff to furnish defendant with all medical records and bills, and awarded defendant $300 attorney fees against plaintiff and plaintiff's counsel.

Two days following the trial court's order, plaintiff filed "PLAINTIFF'S ANSWERS TO INTERROGATORIES, NOTICE TO PRODUCE, AND COURT'S ORDER DATED MARCH 2, 1993." The body of this document contains a solitary sentence: "The plaintiff has no medical reports, hospital records, treatment expenses or doctor

bills." The plaintiff also filed a notice of appeal from the order of March 2, 1993, which appeal was dismissed by this court as premature.

Defendant then filed a motion to dismiss pursuant to OCGA § 9-11-37 predicated on the continued failure of plaintiff to respond with documentation as to her medical treatment and expenses. After a brief hearing, the trial court entered an order finding that plaintiff has wilfully failed to comply with the order of March 2, 1993, and ordering that plaintiff's complaint be stricken and dismissed with prejudice. Plaintiff and her counsel appeal from the order dismissing plaintiff's action and from the order of March 2, 1993. *Held*:

Throughout the proceedings below and in her brief on appeal, plaintiff has steadfastly maintained that she has been in compliance with the discovery statutes and the order of the trial court of March 2, 1993, in that she had no documents related to her medical treatment or expenses. Meanwhile, defendant has insisted that plaintiff must have at least some bills for the medical expenses because in pleadings, discovery, and settlement negotiations she has repeatedly quoted ever escalating sums as the new total of these expenses. At a hearing on July 30, 1993, plaintiff's counsel revealed that plaintiff had received some bills from her doctors and stated that they had been produced. Defendant's attorney stated that he had not received any doctor's bills from plaintiff's counsel. In view of this admission by plaintiff's counsel, we cannot understand the continued assertion, particularly in her brief to this court, that plaintiff had no documents subject to the request to produce.

Plaintiff's assertions that she had received medical care and had incurred expenses in specified amounts presented further evidence that she had received at least some bills for her medical expenses. In this connection, we note that the trial court, as trier of fact on the motion for sanctions, was entitled to utilize its knowledge of business and commercial practices so as to consider the virtually universal practice of health care providers to bill for those services at the time of or within a short time following the rendition of services. And, of course, any medical bills which plaintiff had received were subject to defendant's request to produce and to the trial court's order of March 2, 1993.

The gist of plaintiff's argument on appeal is that she had responded to the request to produce and other forms of discovery and was, therefore, not subject to the drastic sanctions of OCGA § 9-11-37 (d) which falls only upon those who are guilty of a total failure to respond. It is correct that the response of plaintiff, indicating that she had no documents subject to the request to produce, was sufficient to remove plaintiff from the purview of OCGA § 9-11-37 (d). However, despite the repeated reference to paragraph (d) of the statute by de-

fendant and by the trial court, the process actually applied was consistent with the provisions of OCGA § 9-11-37 (a) which is applicable where a partial and evasive answer to discovery evidences a dispute between the parties which must be resolved by the trial court. *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 438 (2) (254 SE2d 825); *Strejc v. MARTA*, 197 Ga. App. 88 (397 SE2d 501); *Wills v. McAuley*, 166 Ga. App. 4, 5 (2) (303 SE2d 26).

Plaintiff was afforded a second opportunity to provide discovery by complying with the order of March 2, 1993, but failed to do so. As recited in the trial court's order, the dismissal of plaintiff's complaint was predicated on the failure to comply with the order of March 2, 1993. Plaintiff clearly had the benefit of the two-step procedure provided by OCGA § 9-11-37 (a) and there was no erroneous application of the one-step procedure of OCGA § 9-11-37 (d). "[A] trial court has broad control over the use and limitations of discovery procedures, and unless there is a clear abuse of this discretion the appellate courts will not interfere. *Jackson v. Gordon*, 122 Ga. App. 657 (178 SE2d 310)." *Rivers v. Goodson*, 184 Ga. App. 70, 74 (2) (360 SE2d 740). We find no such abuse of discretion in the case sub judice.

*Judgment affirmed. Johnson, J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED FEBRUARY 1, 1994 —
RECONSIDERATION DENIED FEBRUARY 14, 1994 —

*L. B. Kent*, for appellants.
*Eason, Kennedy & Associates, Richard B. Eason, Jr.*, for appellee.