A94A2692. STRONG v. WACHOVIA BANK OF GEORGIA, N.A.
(451 SE2d 524)

BIRDSONG, Presiding Judge.

Appellant Robert W. Strong appeals the judgment entered in favor of appellee Wachovia Bank of Georgia, N.A. (Wachovia).

Appellee Wachovia was the secured party of a loan made to appellant for the purchase of a cabin cruiser. Appellant defaulted and appellee repossessed the cruiser, which served as collateral for the loan; appellee tendered notice to appellant of its intent to sell said collateral at private sale and the boat subsequently was sold. Appellee Wachovia thereafter filed suit asserting its entitlement to deficiency judgment against appellant in the amount of $20,596.59 plus accrued interest. Following denial of appellant's motion for directed verdict, the jury rendered a verdict in favor of appellee in an amount of $12,500 and judgment was entered. *Held*:

1. Appellant asserts the trial court abused its discretion by denying appellant's motion to compel discovery. " '(A) trial court has broad control over the use and limitations of discovery procedures, and unless there is a clear abuse of this discretion the appellate courts will not interfere.' " *Lewis v. Evans*, 212 Ga. App. 49, 51 (441 SE2d 425). While appellant has established a basis on which the trial court could have granted its motion to compel discovery, appellee has shown certain deficiencies in procedure which would provide a basis for the trial court to deny the motion. Specifically, the record reflects, inter alia, that appellant failed to comply with the requirements of Uniform Superior Court Rule 6.4 (B) in that at the time of filing of the motion to compel discovery, appellant failed to attach thereto a certifying statement that a conference had been conducted with opposing party's counsel in a good faith effort to resolve the matters involved and that such effort failed. As appellant failed to comply fully with the Uniform Superior Court Rules pertinent to discovery, some basis existed for the trial court to deny the motion to compel discovery; no clear abuse of discretion by the trial court has been established.

2. Appellant asserts the trial court abused its discretion in denying appellant's motion to add a counterclaim, as authorized pursuant to OCGA § 9-11-13 (f). Specifically, appellant contends that he made the affirmative showings required by OCGA § 9-11-13 (f) and, further, that justice required the trial court to allow the pro se appellant/defendant to file his counterclaim against appellee/plaintiff "for selling his property in a commercially unreasonable manner." How-

ever, during the pretrial proceedings, appellant failed to ground his motion to file a counterclaim out-of-time on grounds that the sale was conducted in a commercially unreasonable manner. Rather, after acknowledging his current awareness that "the price obtained at the time of sale of the property was far less than commercially reasonable," appellant nonetheless stated the following position to the trial court as the grounds for his motion: "Therefore, it is the [appellant/] defendant's position, that the [appellee/]plaintiff willfully and deliberately breached its *fiduciary duties* owed to the [defendant] by the sale of the property in question at a price that was known to the plaintiff to be below the appraisal of the boat and trailer in question." (Emphasis supplied.) This assertion of grounds would mislead the trial court into believing that the basis of appellant's proposed counterclaim was that of breach of fiduciary duty. In *May v. C & S Nat. Bank*, 202 Ga. App. 217, 219 (1) (413 SE2d 780), it was held that creditors deal with debtors at arm's length and do not stand in a fiduciary capacity in relationship to them, and this is true even where the debtor places special trust and confidence in a bank or its officers. Thus, no viable claim of breach of fiduciary duty by appellee bank existed as a matter of law, and the trial court would not err in denying a motion to add such a counterclaim. Appellant cannot now assert that he was seeking authorization to file a counterclaim grounded on a claim of the commercial unreasonableness of the sale. First, such a claim would constitute a shifting of the position raised before and ruled upon by the trial court; as such, it is not preserved for appellate review, as there was no ruling as to the permissibility of filing the particular counterclaim here being asserted. Cf. *Westwind Corp. v. Washington Fed. Savings &c. Assn.*, 195 Ga. App. 411 (1) (393 SE2d 479). Additionally, the motion filed by appellant would tend to mislead the trial court as to the viability of the proposed counterclaim thereby contributing to the trial court's denial of the motion. It is well settled that a party cannot complain of an appellate ruling, order, or judgment that his own legal strategy, litigative procedure, or conduct aided in causing. *Williams v. Food Lion*, 213 Ga. App. 865, 868 (446 SE2d 221); *Perryman v. Rosenbaum*, 205 Ga. App. 784, 790 (423 SE2d 673).

3. Appellant contends the lower court erred in denying his motion for directed verdict because appellee failed to establish the value of the repossessed collateral at time of repossession.

In considering a ruling on a motion for directed verdict, the evidence must be construed most favorably to the party opposing the motion; and a verdict shall be directed only where there is no conflict in the evidence as to any material issue, and the evidence introduced with all reasonable deductions therefrom, shall demand a particular verdict. *Mattox v. MARTA*, 200 Ga. App. 697, 698 (1) (409 SE2d 267).

The standard of appellate review of a trial court's denial of a directed verdict motion is the "any evidence" standard. Id.

" 'Where the commercial reasonableness of a sale is challenged by the debtor, the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the collateral. The secured party must also prove the value of the collateral at the time of repossession and that the value of the goods does not equal the value of the debt. If this proof is not forthcoming, it is presumed that the value of the goods is equal to the amount of the debt.' . . . [Further,] [e]ven if the sale is conducted in a commercially reasonable manner, proof of the sale price is not sufficient to overcome the presumption against appellee that the value of the collateral equals the debt on it." *Brewer v. Trust Co. Bank,* 205 Ga. App. 891, 893 (3) (424 SE2d 74).

The transcript reveals that the balance due on the debt at time of repossession was approximately $42,000. Mr. Southwick, who had owned a boat brokerage company for about 14 years expressed his expert opinion, without objection, that if the boat had been sold in July 1991 in the same repaired condition in which it was sold in January 1992, the boat would have been "worth" $33,000 to $35,000. On cross-examination, he also opined that if the boat had been sold in July 1991, with none of its electronic equipment missing and in an "improved condition" the value of the boat would have been $40,000 but it could not have been any more than that. In regard to this testimony, " '(a)ll evidence is admitted as a matter of course unless a valid ground of objection is [timely] interposed.' " *Hite v. State,* 208 Ga. App. 267, 269 (1) (430 SE2d 125). The fact that the witness did not know the actual condition of the boat at the time of repossession did not render speculative the witness' value estimates (certain of which were elicited by appellant). The lack of a personal inspection of the boat at the time of repossession would affect only the weight to be given his value testimony and not its admissibility; this is particularly true, as the witness also gave a detailed explanation of the condition of the boat at the time he was ordered by appellee to make certain repairs thereon in order to facilitate its sale, and he explained that certain of the damage was due to lack of adequate maintenance over a prolonged period of time spanning at least several years. Additionally, Mr. Morley who had worked for appellee for fourteen years and who had handled repossessions and foreclosures for the last eight years, testified without objection, that in the regular course of business he received condition reports from the repossession company which repossesses property for the bank and that P-16 was the report received; appellant's counsel on cross-examination stated that he desired to "tender P-16 so we can get into the contents," and in

apparent response, appellee's counsel immediately tendered P-16 and other documents without objection by appellant. By his conduct and trial tactics appellant aided in the admission of the condition report; he cannot complain of the result thereon on appeal. *Perryman v. Rosenbaum*, supra at 790. Thereafter, Mr. Morley testified that he used the "NADA" large boat guide to get a general idea of the value of a particular boat. After examining the NADA and the condition report, Mr. Morley formed an opinion as to the value of the boat; specifically, he determined that "in June, July of '91" the average book value of the boat with trailer was $40,542 and the rough book value was $31,730. Mr. Morley never observed the boat personally, but he "spoke to people about it at length." The fact that he did not personally observe the boat would be a factor in determining the weight of his testimony but not its admissibility. "While generally hearsay has no probative value with or without objection, it is no objection to the evidence of a witness testifying as to market value that such evidence rests on hearsay. Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay, hence the testimony of the witness is not objectionable on hearsay grounds. Market value may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion. If it is based on hearsay this would go merely to its weight and would not be a ground for valid objections." (Citations and punctuation omitted.) *Truck Parts &c. v. Rutledge*, 211 Ga. App. 166, 167-168 (2) (438 SE2d 404); compare *McMillian v. Bank South*, 188 Ga. App. 355 (373 SE2d 61). *BVA Credit Corp. v. May*, 152 Ga. App. 733 (264 SE2d 32), where the collection manager speculatively fixed a $10,000 sales price, as it "was pretty close to the balance" due on the debt and was in accordance with "a rule of thumb" of 50 percent of the value, is distinguishable and not controlling. Id. at 733-734. There exists some admissible evidence of record as to the value of the boat at time of repossession; the trial court did not err in denying appellant's motion for directed verdict.

4. Appellant asserts the verdict was illegal being contrary to the law and the facts; specifically, appellant contends that if the jury had followed the applicable statutes of OCGA Title 11, Article 9, it could not have arrived at the announced verdict. The scenarios advanced by appellant in support of this enumeration would require this court to speculate as to the fact findings underpinning the announced verdict, including whether the jury arrived at its verdict by allowing appellant some form of setoff; this we will not do. See generally *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510); *Thomas v. Clark*, 188 Ga. App. 606, 608 (373 SE2d 668); *Dimauro v. State*, 185 Ga. App. 524, 525 (364 SE2d 900). Moreover, the verdict form pertinently states: "We, the Jury, find for the plaintiff in the amount of

$12,500." Appellant did not request special findings in this case and did not object to the verdict form. A verdict in the amount of $12,500 is not illegal on its face. By failing to object to the form of the verdict when returned by the jury, any deficiency thereto was waived. *Potts v. State*, 259 Ga. 96, 104 (22) (376 SE2d 851); *Fort &c. Enterprises v. Scrocca*, 195 Ga. App. 554, 555 (2) (394 SE2d 364). Appellant's enumeration is without merit.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED DECEMBER 12, 1994.

*Zimmerman & Associates, Keith F. Brandon,* for appellant.
*Mann, Bracken, Laying & Knezo, M. Douglas Mann,* for appellee.