A98A0386. PHILLIPS & SONS LOGGING, INC. et al. v. PIONEER MACHINERY, INC.
(501 SE2d 585)

ANDREWS, Chief Judge.

Pioneer Machinery, Inc. sold logging machinery to Phillips & Sons Logging, Inc. The sale contract provided for a $15,000 downpayment plus $125,904 to be paid in 48 monthly installments. Averett Phillips, Glen Phillips and Greg Phillips each personally guaranteed payment of the sums due under the contract. Pioneer sued Phillips & Sons and all three of the personal guarantors for the $15,000 downpayment, claiming it was never paid. The trial court granted Pioneer's motion for summary judgment and denied the motion for summary judgment brought by Phillips & Sons and the three personal guarantors.

On appeal from the grant of summary judgment, Phillips & Sons and the three personal guarantors do not claim that the $15,000 downpayment was paid to Pioneer. In fact, the appellants admit that the downpayment was not paid to Pioneer at the time of the sale and that after the sale, they attempted to raise money to pay the $15,000 portion of the sale price represented by the downpayment, but they were unable to do so.[1]

The appellants' sole defense is that because the sale contract provided for a $15,000 downpayment, we should construe the unambiguous terms of the contract as establishing that the downpayment was made at the time of the sale and refuse to consider any evidence to the contrary. Just because the contract provided for a $15,000 downpayment to be made at the time of the sale does not demand that we find it was made. Because the evidence is undisputed that the $15,000 downpayment was part of the sale price and that the appellants owed it and did not pay it, Pioneer carried its burden as movant for summary judgment of demonstrating that there was no genuine issue of fact requiring jury resolution. OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The trial court correctly granted Pioneer's motion for summary judgment and correctly denied the appellants' motion for summary judgment.

There being no adequate legal basis upon which the appellants could have anticipated that the judgment of the trial court would be reversed, we conclude that the appeal was for the purpose of delay only. Accordingly, the trial court is directed to enter judgment in favor of Pioneer Machinery, Inc. for damages in the amount of ten percent of the judgment awarded, to be entered in the remittitur pursuant to OCGA § 5-6-6.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 14, 1998.

*Patrick D. Gill*, for appellants.
*Jones, Cork & Miller, Sharon H. Reeves, Cater C. Thompson*, for appellee.

---

[1] The record shows that the $125,904 financed portion of the sale price was assigned by Pioneer and that the machinery was eventually repossessed or returned and sold by either the assignee or Pioneer to satisfy this portion of the debt. The appellants raised no defense that the sale was unreasonable or that Pioneer failed to mitigate its damages by the sale of the machinery. See *Strong v. Wachovia Bank &c.*, 215 Ga. App. 572, 574 (451 SE2d 524) (1994); *Moreland Auto Stop v. TSC Leasing Corp.*, 216 Ga. App. 438, 441 (454 SE2d 626) (1995).