A06A1461. DECATUR'S BEST TAXI SERVICE, INC. et al.
v. SMITH.

(639 SE2d 482)

BERNES, Judge.

Decatur's Best Taxi Service, Inc. and Gerald Haynes appeal from a jury verdict rendered in favor of appellee James Smith for injuries that Smith sustained after being struck by a taxicab driven by Haynes, an employee of Decatur's Best. Decatur's Best contends that the trial court erred in failing to grant a directed verdict in its favor on the issue of respondeat superior. Both appellants further argue that the trial court erroneously instructed the jury with respect to the method by which it should calculate damages in the event that it found that Smith was comparatively negligent and erroneously charged the jury on the law of obstruction. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the facts adduced at trial are as follows. On the evening of January 3, 2003, Smith had exited a MARTA bus and attempted to cross the roadway when he was struck by a taxicab driven by Haynes, an employee of Decatur's Best. The accident occurred between 6:30 and 7:00 p.m. Haynes had crossed a double yellow line and was attempting to pass the MARTA bus in the turning lane at the time of the accident. As a result of the collision, Smith suffered a closed head injury and multiple fractures to both legs that required extensive surgery.

Following the trial, the jury rendered a general verdict against both Haynes and Decatur's Best for negligence and against Decatur's Best for negligent hiring, and awarded Smith in excess of $1 million in damages. The jury declined to award Smith punitive damages against Decatur's Best.

1. In its first enumeration of error, Decatur's Best asserts that the trial court erred in failing to grant its motion for directed verdict on the issue of respondeat superior. Specifically, Decatur's Best contends that Haynes's undisputed trial testimony established that he was off-duty at the time of the accident and was therefore not acting within the scope of his employment so as to extend liability to Decatur's Best.

On review from the denial of a motion for directed verdict, "we must construe the evidence in the light most favorable to the party who obtained a verdict." (Punctuation and footnote omitted.) *Imperial Foods Supply v. Purvis*, 260 Ga. App. 614, 615 (580 SE2d 342) (2003). So long as there is some evidence to support the verdict, the denial of a motion for directed verdict will be upheld. *FitzSimons v. W. M. Collins Enterprises*, 271 Ga. App. 854 (610 SE2d 654) (2005).

Decatur's Best correctly argues that Haynes claimed at trial to have been off-duty at the time of the accident. In fact, Haynes testified

that he did not recall working for Decatur's Best at all on January 3, 2003. However, the jury also heard testimony from a dispatcher for Decatur's Best who stated that Haynes had actually picked up seven different fares for Decatur's Best on the day in question, the last one being at 5:57 p.m. And while Haynes claimed to have been going to a friend's apartment and not working when he struck Smith, he could not remember the name of the friend or where she lived. On the other hand, the dispatcher testified that nothing in the documentation indicated that Haynes went off-duty after he picked up the 5:57 p.m. fare. She further testified that Haynes called and notified her immediately after he struck Smith in accordance with company policy.

The trial court correctly determined that this evidence was sufficient to create a jury question as to whether Haynes was working for Decatur's Best at the time of the accident. See *Harper v. Samples*, 164 Ga. App. 511, 512 (1) (298 SE2d 29) (1982); *Buffalo Cab Co. v. Gurley*, 134 Ga. App. 167, 168 (2) (213 SE2d 545) (1975). Accordingly, the trial court did not err when it declined to grant a directed verdict to Decatur's Best on the issue of respondeat superior.

2. Appellants next assert that the trial court erroneously charged the jury with respect to the law of comparative negligence. The trial court appropriately informed the jury that under the law of comparative negligence, Smith could recover for his injuries even if he was partially negligent, so long as his negligence was less than that of Haynes and/or Decatur's Best, but that such a finding would require the jury "to reduce the amount of damages otherwise awarded to [Smith] in proportion to the negligence of [Smith] compared with that of [Haynes and/or Decatur's Best]."[1] After delivering this instruction, the trial court continued: "In English: If it's fifty-fifty, [Smith] cannot recover. If you say [Smith's] negligence is less than fifty — for example, thirty — percent, then whatever damage you wish to award, you reduce that by thirty percent, as an example."

Appellants argue that the trial court's example following the comparative negligence charge renders the charge erroneous and propose instead two alternative methods of calculation. We disagree that the example constitutes reversible error.

While we recognize that Georgia has not formally adopted a method by which a jury must calculate an award of damages in the event of a finding of comparative negligence, we have recognized that the method as explained by the trial judge represents a sound approach. *Starks v. Robinson*, 189 Ga. App. 168, 170-171 (4) (375 SE2d 86) (1988). Moreover, we have previously held that a jury

---

[1] It is not possible to tell from the verdict form whether the jury attributed any negligence to Smith and/or whether it otherwise caused any reduction to its award of damages.

charge substantially similar to the one given by the trial court in this case was not erroneous.[2] *Ga. R. & Power Co. v. Belote,* 20 Ga. App. 454 (93 SE 62) (1917). Accordingly, the trial court did not commit reversible error in giving the charge.

3. Finally, appellants enumerate as error the trial court's charge to the jury on the law of obstruction. Pursuant to a request from appellants, the trial court instructed the jury that:

> Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows: When an obstruction exists, making it necessary to drive to the left of the center of the highway, provided that any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway, within such a distance so as to constitute an immediate hazard.

The charge was given directly from OCGA § 40-6-40 (a) (2). The trial court then instructed the jury that, "A motor vehicle may be an obstruction when it is operated on a public road in a manner which could not be generally or reasonably anticipated, taking into account all circumstances and conditions present at such time and place and thereby hinders or impedes proper travel on such road."

Appellants argue that the second portion of the charge quoted above was erroneous because the law does not require that a motor vehicle be operated "in a manner which could not be generally or reasonably anticipated" in order to constitute an obstruction.

The language given by the trial court is directly quoted from our Supreme Court in *Smith v. Lott,* 246 Ga. 366 (271 SE2d 463) (1980), in which that Court determined the circumstances under which a motor vehicle can be considered an obstruction so as to justify the crossing of a solid yellow line in order to pass it. Id. at 367. We do not believe the fact that *Smith* involved a slow moving combine as opposed to a temporarily stopped MARTA bus is a relevant distinction with respect to that Court's holding. Accordingly, because the challenged jury charge is a correct statement of the law and was properly adjusted to the circumstances of this case, it was not erroneous. See *Mullady v. State,* 270 Ga. App. 444, 446 (1) (606 SE2d 645) (2004); *John H. Smith, Inc. v. Teveit,* 175 Ga. App. 565, 569 (3) (333 SE2d 856) (1985).

---

[2] We note that pursuant to Senate Bill No. 3, Ga. L. 2005, commonly known as the Tort Reform Act of 2005, the calculation of the proportional reduction of damages is now to be performed by the judge following a jury's determination of the parties' respective percentages of fault. See OCGA § 51-12-33 (a) (2006).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 14, 2006 —
RECONSIDERATION DENIED DECEMBER 6, 2006 —

*Sidney L. Moore, Jr.*, for appellants.

*Rogers & Goldberg, Brian D. Rogers, Michael L. Goldberg*, for appellee.