A07A1221. TURNER et al. v. NEW HORIZONS COMMUNITY SERVICE BOARD.
(651 SE2d 473)

ANDREWS, Presiding Judge.

Shanta Turner was killed when the vehicle she was driving stalled in the middle lane of Interstate 185 in Muscogee County and was struck from the rear by a vehicle driven by Robert Sims, an employee of New Horizons Community Service Board (New Horizons). Turner's mother, Deborah Turner (Appellant), acting as the representative of her daughter's estate and the guardian of her daughter's minor child, brought suit alleging that Sims negligently caused the collision and seeking to impose vicarious liability on New Horizons for Turner's wrongful death, injuries prior to death, and related estate expenses.

A jury trial on these claims was bifurcated on the issues of liability and damages, and the jury returned a separate verdict on each issue. Applying principles of comparative negligence[1] in the liability phase, the jury found that the collision was jointly caused by

---

[1] Under the comparative negligence doctrine, if the jury finds that the negligence of the plaintiff and the defendant jointly caused the injury, but that the plaintiff's negligence was less

the negligence of Turner and Sims, and found Turner 49 percent negligent and Sims 51 percent negligent. In the damages phase, the jury awarded $384,000 on the wrongful death claim brought on behalf of the minor child, and $100,000 on the claims asserted by the estate. The trial court subsequently reduced the sums awarded by 49 percent due to the degree of fault the jury attributed to Turner.

Appellant does not challenge the trial court's decision to bifurcate the trial of the liability and damages issues,[2] nor does she challenge the jury's verdict assigning degrees of negligence in the liability phase. Appellant claims that, in the damages phase, the trial court erred when it instructed the jury to render a verdict awarding damages, and then after the verdict, reduced the jury's award by the 49 percent degree of fault attributed to Turner in the liability phase. Instead, Appellant claims that the trial court was required to instruct the jury to render a verdict reducing the damages awarded by the degree of fault attributed to Turner in the liability phase. Appellant claims that, when the trial court instructed the jury to render a verdict on the total amount of damages to be awarded, it was likely that the jury reduced its damage award by 49 percent, and that the trial court then erroneously reduced the award by another 49 percent. We find no error and affirm.

In *Decatur's Best Taxi Svc. v. Smith*, 282 Ga. App. 731, 732 (639 SE2d 482) (2006), we found that "Georgia has not formally adopted a method by which a jury must calculate an award of damages in the event of a finding of comparative negligence. . . ." We find no error in the procedure employed by the trial court, whereby the court obtained separate verdicts on liability and damages, and then the court reduced the total amount of damages awarded by the jury in proportion to the degree of fault attributed by the jury to Turner. See *Robinson v. Star Gas of Hawkinsville*, 269 Ga. 102 (498 SE2d 524) (1998) (noting a similar procedure used by the trial court to reduce damages awarded by the jury in a comparative negligence case). As we noted in *Decatur's Best*, 282 Ga. App. at 733, n. 2, after a jury determines the percentages of fault in a comparative negligence case, OCGA § 51-12-33 (a) (as amended in 2005) now provides that "the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault." The 2005 amendment to OCGA § 51-12-33 (a) applies only to causes of action arising on or after February 16, 2005, so it did not apply to the causes

than the defendant's negligence, then the plaintiff is entitled to a recovery diminished by the degree of fault the jury finds attributable to the plaintiff. *Bridges Farms, Inc. v. Blue*, 267 Ga. 505 (480 SE2d 598) (1997).

[2] A trial court has discretion to bifurcate the trial of issues to further convenience or avoid prejudice. *Whitley v. Gwinnett County*, 221 Ga. App. 18, 19-20 (470 SE2d 724) (1996).

of action in the present case which arose from the January 2002 collision between Sims and Turner. Ga. L. 2005, p. 18, § 15. Nevertheless, the amendment shows legislative approval of a procedure under which the trial court reduces the jury's damage award in proportion to the degree of fault the jury attributes to the plaintiff.

Moreover, the record shows that Appellant acquiesced in the procedure employed by the trial court. After the separate verdict was rendered by the jury in the liability phase, and the evidence was closed in the subsequent damages phase, counsel for New Horizons moved prior to closing argument that both sides be limited to arguing the amount of damages without reference to the prior assignment of degree of fault, and that plaintiff's counsel be prohibited from urging the jury to increase the damage award on the basis that the trial court was going to reduce the award by 49 percent. The trial court asked counsel for plaintiff to respond to the motion, and counsel stated, "I have no problem with that, Your Honor." A litigant cannot acquiesce in a ruling, then later claim it was error after becoming dissatisfied with the result of the trial. *Fletcher v. Ellenburg*, 279 Ga. 52, 56 (609 SE2d 337) (2005). The trial court correctly ruled that, under the procedure used at trial and acquiesced in by the parties, the degree of fault attributed by the jury to the parties in the liability phase was not relevant to the jury's consideration of the amount of damages to be awarded in the damages phase. *Cline v. Kehs*, 146 Ga. App. 350-351 (246 SE2d 329) (1978). Appellant's claim that the jury likely reduced its damage award by 49 percent is pure speculation. The damage award was not illegal on its face, and we will not speculate that the jury improperly reduced the award in proportion to Turner's degree of fault before the trial court did so. *Strong v. Wachovia Bank &c.*, 215 Ga. App. 572, 575 (451 SE2d 524) (1994). In any event, Appellant's failure to object to the form of the verdict when it was returned waived this claim. Id.

The trial court did not err by failing to instruct the jury in the damage phase to apportion damages according to the degree of fault assigned in the liability phase. This instruction would have been inconsistent with the procedures adopted by the trial court and acquiesced in by the parties, and Appellant concedes that she did not request this instruction, so the asserted error was waived. *Moody v. Dykes*, 269 Ga. 217, 219-220 (496 SE2d 907) (1998). It follows that there is no merit to Appellant's claim that the failure to give the instruction constituted substantial error under OCGA § 5-5-24 (c). Id.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED AUGUST 22, 2007.

*Derrell Dowdell, David A. Webster*, for appellants.

*Freeman, Mathis & Gary, Matthew P. Stone, Sun S. Choy, Page, Scrantom, Sprouse, Tucker & Ford, David A. Siegel*, for appellee.