# A11A1418. CLARK v. RUSH.

### (718 SE2d 555)

BLACKWELL, Judge.

In this case, we must consider whether the pattern jury instruction on comparative negligence is an accurate statement of the law. According to the pattern instruction, if the jury determines that the plaintiff was negligent and that his negligence, although less than that of the defendant, contributed to the injury for which he seeks damages, the jury must "reduce the amount of damages otherwise awarded to the plaintiff in proportion to the negligence of the plaintiff compared with that of the defendant." Suggested Pattern Jury Instructions, Vol. I: Civil Cases (4th ed.) § 60.141. We previously have approved this pattern instruction, see *Whelan v. Moone*, 242 Ga. App. 795, 796-797 (2) (531 SE2d 727) (2000), but that was long before the current version of OCGA § 51-12-33 (a) was enacted as part of the Tort Reform Act of 2005. See Ga. L. 2005, p. 1, § 12. In cases of comparative negligence, OCGA § 51-12-33 (a) requires the jury to determine the percentage of fault borne by the plaintiff and report that percentage to the judge, but the statute assigns the task of reducing the damages award accordingly to the judge. We have cautioned before that OCGA § 51-12-33 (a) seems to require such a procedure,[1] but it appears that the pattern jury charge on comparative negligence has not been revised to accommodate the procedure that the General Assembly adopted in 2005. Today, we conclude that the pattern instruction on comparative negligence no longer is an accurate statement of law.

Zanta'vious Rush sued Courtny Clark for injuries that Rush sustained when his car collided with a van driven by Clark, and Clark defended on the ground that Rush was partly at fault for the collision. When the case was tried by a Clayton County jury, the trial court charged the jury with the pattern instruction on comparative negligence, and the court directed the jury to return its verdict on a form that, consistent with the pattern instruction, contemplates that the jury itself would reduce the damages award for any comparative negligence and did not permit the jury to specifically report the percentage of fault, if any, borne by the plaintiff. Clark timely objected to both the jury instruction and the verdict form. The jury

---

[1] See, e.g., *Turner v. New Horizons Community Svc. Bd.*, 287 Ga. App. 329, 330-331 (651 SE2d 473) (2007) (OCGA § 51-12-33 (a) "shows legislative approval of a procedure under which the trial court reduces the jury's damage award in proportion to the degree of fault the jury attributes to the plaintiff"); *Decatur's Best Taxi Svc. v. Smith*, 282 Ga. App. 731, 733 (2), n. 2 (639 SE2d 482) (2006) ("We note that pursuant to Senate Bill No. 3, Ga. L. 2005, commonly known as the Tort Reform Act of 2005, the calculation of the proportional reduction of damages is now to be performed by the judge following a jury's determination of the parties' respective percentages of fault.").

awarded $20,000 to Rush, and Clark appeals, enumerating the jury instruction and the verdict form as error. We reverse and remand for a new trial.

1. On appeal, Rush does not dispute the contention that the charge on comparative negligence and the verdict form are inconsistent with OCGA § 51-12-33 (a) and, therefore, erroneous, but he argues instead that there simply is no evidence from which a jury could find that he was negligent and that his negligence contributed to his injuries. If Rush is right, of course, the errors that Clark asserts with respect to the jury instructions and verdict form would be harmless, *Morrow v. State*, 155 Ga. App. 574, 575 (2) (271 SE2d 707) (1980), so we will consider first whether the evidence properly put comparative negligence in issue. We conclude that it did.

Clark testified at trial that, before the collision, she came to a stop as she prepared to turn left onto Mount Zion Road, looked both ways, saw no oncoming traffic, and began to make her left turn. Only then did she see the headlights of the car Rush was driving, which was "coming real fast," according to Clark. There was evidence that the speed limit on Mount Zion Road is 40 miles per hour, and it was undisputed that Rush struck Clark's van with sufficient force to flip the van onto its side. Moreover, Clark testified that her van rolled over three times before coming to rest on its side. A jury might properly conclude from this evidence, we think, that Rush was driving too fast,[2] that driving so fast was negligent, and that his negligence contributed to the collision. Clark was entitled, therefore, to a correct charge on comparative negligence. See *Jimenez v. Morgan Drive Away*, 238 Ga. App. 638, 641 (2) (b) (519 SE2d 722) (1999).

2. We turn now to the jury instruction on comparative negligence and the verdict form. The trial court in this case charged the jury with the pattern instruction on comparative negligence:

> If you find that the defendant was negligent so as to be liable to the plaintiff and that the plaintiff [also] was

---

[2] In addition to the evidence recited above, we note that Rush admitted that he was driving to work at the time of the collision, that he was running late, that he had been late for work at least 15 times in the months preceding the collision, that he knew at the time of the collision that he was "close to losing" his job for tardiness, and that he was, in fact, fired soon after the collision for tardiness. We also note that, notwithstanding the evidence that Rush was partially to blame for his injuries, other evidence suggests that Clark alone was responsible for the collision. An eyewitness testified that Clark did not come to a stop as she approached Mount Zion Road, that Rush was not speeding, and that the eyewitness warned the driver of the car in which she was riding to watch out for Clark because Clark did not appear to slow as she turned into traffic. It was for the jury to weigh this conflicting evidence and resolve the question of comparative negligence.

negligent, thereby contributing to [the] plaintiff's injury and damage, but that the plaintiff's negligence was less than the defendant's negligence, then the negligence of the plaintiff would not prevent the plaintiff's recovery of damages, but would require that you reduce the amount of damages otherwise awarded to [the] plaintiff in proportion to the negligence . . . of the plaintiff compared with that of the defendant.

See Suggested Pattern Jury Instructions, Vol. I: Civil Cases (4th ed.) § 60.141.[3] This pattern charge is based on our decision in *Underwood v. Atlanta &c. R. Co.*, 105 Ga. App. 340, 358-362 (8) (124 SE2d 758) (1962), reversed in part on other grounds, *Atlanta &c. R. Co. v. Underwood*, 218 Ga. 193 (126 SE2d 785) (1962), and it predates the enactment of the Tort Reform Act of 2005. See *Little Ocmulgee Elec. Membership Corp. v. Lockhart*, 212 Ga. App. 282, 284 (2) (441 SE2d 796) (1994) (physical precedent only); id. at 285-286 (Blackburn, J., concurring specially). Clark timely objected to this instruction, asserting that it is inconsistent with the requirement of the current version of OCGA § 51-12-33 (a) that the judge, rather than the jury, make any reduction of damages for comparative negligence. See OCGA § 5-5-24 (a) ("[I]n all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection.").

Consistent with the jury charge on comparative negligence, the verdict form that the trial court provided to the jury did not permit the jury, in the event that it found the case to be one of comparative negligence, to return a special verdict as to the percentage of fault attributable to Rush. Instead, the verdict form allowed the jury either to return a verdict for Rush in an amount specified by the jury or to return a verdict for Clark.[4] Clark timely objected to the verdict form on the ground that it "just doesn't give a space for the jury to [assign a] percentage of fault to the plaintiff." See *Albert v. Albert*, 164 Ga. App. 783, 785 (5) (298 SE2d 612) (1982) (objection to special verdict form must be made before jury retires for deliberation).

---

[3] The trial court also charged the jury with the pattern instruction on contributory negligence, charging that, if the jury found that Rush was negligent, that his negligence contributed to his injuries, and that his negligence was equal to, or greater than, that of Clark, Rush could not recover any damages. See Suggested Pattern Jury Instructions, Vol. I: Civil Cases (4th ed.) § 60.140. No one takes issue with this instruction.

[4] Confusingly, the verdict form authorized the jury to return a verdict for Clark in one of two overlapping ways; the jury could simply "find in favor" of Clark, or it could find either that Clark was not negligent at all or that Rush was equally or more negligent than Clark and, "therefore[,] find for [Clark]." This aspect of the verdict form is not challenged in this appeal, and we decide nothing about it.

On appeal, as she did below, Clark argues that the jury instruction on comparative negligence and the verdict form are inconsistent with OCGA § 51-12-33 (a), and we think she is right. The current version of OCGA § 51-12-33 (a), enacted in 2005, provides that if the jury concludes that the plaintiff was negligent, that his negligence contributed to his injuries, but that his negligence is less than that of the defendant, the jury must identify the percentage of fault attributable to the plaintiff and specifically report that percentage to the judge, who then must reduce the award of damages by the same percentage:

> Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

OCGA § 51-12-33 (a). The statute sets out this procedure for the reduction of damages for comparative negligence in clear and unambiguous terms.[5] When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant, see *Northeast Atlanta Bonding Co. v. State of Ga.*, 308 Ga. App. 573, 577 (1) (707 SE2d 921) (2011), and we must bear in mind that, "[w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." *Six Flags Over Ga. II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003); see also *Opensided MRI of Atlanta v. Chandler*, 287 Ga. 406, 407 (696 SE2d 640) (2010). We have suggested in dicta in several prior decisions that the current version of OCGA § 51-12-33 (a) requires such a procedure, see note 1 supra, and we hold today that it does.

The statutory procedure for reducing a damages award for comparative negligence differs in two significant respects from the procedure embodied in the pattern charge. First, the statutory procedure requires the jury, if it finds comparative negligence, to quantify the fault of the plaintiff in precise terms by determining the

---

[5] The statute does not explicitly state that the jury must return a special verdict identifying the percentage of fault attributable to the plaintiff, but that is implicit, given the explicit requirements that the jury determine the percentage of fault and that the judge reduce any damages award in proportion to the percentage determined by the jury. Without a special verdict, the judge could not know the percentage by which he is to reduce the damages award.

"percentage of fault of the plaintiff." OCGA § 51-12-33 (a). The pattern charge, on the other hand, does not require the jury to quantify the fault of the plaintiff so precisely, although it does allow it. Instead, the pattern charge directs the jury to determine the "proportion" of negligence attributable to the plaintiff, see Suggested Pattern Jury Instructions, Vol. I: Civil Cases (4th ed.) § 60.141, which equally suggests that a jury may decide comparative negligence based on a mere rough proportionality of fault or on a more exact and quantified percentage of fault attributable to the plaintiff. Second, by requiring that the jury make a factual finding as to the percentage of fault attributable to the plaintiff and committing any reduction of the damages award to the judge, see OCGA § 51-12-33 (a), the statutory procedure ensures that the legal consequences of a finding that a plaintiff bears responsibility for a certain percentage of fault for his injuries are truly reflected in the verdict and judgment. The procedure established by the pattern charge leaves the parties to wonder whether the jury found comparative negligence at all and, if so, correctly reduced the damages to be awarded the plaintiff in proportion to the degree of his negligence. We conclude, therefore, that both the existing pattern charge on comparative negligence and *Underwood*, 105 Ga. App. at 340, the case on which the pattern charge is based, have been superseded by OCGA § 51-12-33 (a), as amended in the Tort Reform Act of 2005.

Taken together, the jury charge and the verdict form in this case did not reflect the statutory requirements that the jury, if it found negligence on the part of Rush, identify a precise percentage of fault attributable to Rush and report it as a special verdict and that the judge reduce the damages award accordingly. Clark preserved her objections to the erroneous jury instruction and the verdict form, and aside from the contention that Clark was entitled to no instruction at all on comparative negligence, which we have rejected in Division 1 above, Rush does not even attempt to show that the errors were harmless. Given the possibility that the jury might have found negligence on the part of Rush but failed to quantify his negligence in precise terms and reduce its award of damages accordingly, we cannot say in this case that the errors were harmless, and for this reason, we are constrained to reverse the judgment entered on the verdict below and remand for a new trial by a properly instructed jury, which shall return a verdict in a proper form. See *Glisson v. Glisson*, 265 Ga. 239, 240 (3), (4) (454 SE2d 508) (1995).

*Judgment reversed and case remanded. Barnes, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 1, 2011.

*Tavis L. Knighten, M. Katherine Durant, Allison M. McDonald,* for appellant.
*Roger W. Orlando,* for appellee.